## FARLEY *v.* SHOEMAKER.

(*Supreme Court, General Term, Fifth Department.* June, 1888.)

ATTACHMENT—AFFIDAVIT FOR—HEARSAY.

 Where an attachment is issued upon the ground that defendant has departed from the state, and disposed of his property with intent to defraud his creditors, averments in plaintiff's affidavit of statements made to plaintiff by a brother of defendant, and matters ascertained by plaintiff from a "Mr. Moss and other sources," are hearsay; and the only other proof offered to support the attachment being that plaintiff had a cause of action on December 13th, that defendant left home on December 3d, saying that he would be back the next Sunday, and that he was not known to have returned on December 11th, both grounds of attachment fail.

Appeal from special term.

Attachment by Philip Farley against Lewis H. Shoemaker. Order sustaining attachment, and defendant appeals.

*R. R. Moss*, for appellant. *Spencer & Mills*, for respondent.

DWIGHT, J. The attachment was granted by a judge out of court, on the ground "that the defendant, being a resident of this state, has departed therefrom, with intent to defraud his creditors, and to avoid the service of a summons, and that he has disposed of his property to defraud his creditors." The

proofs were made by the affidavit of the plaintiff and that of one Loid. By his own affidavit, verified December 16, 1887, the plaintiff makes proof of his cause of action on a promissory note for $185, which became due December 13th; that defendant is a resident of this state; and that the plaintiff last saw him at Corning on December 3d, when he stated to plaintiff that he was going to Elmira, and "said nothing of any intention of leaving the country, or that he was in trouble financially." Beyond these matters the averments of the plaintiff's affidavit consist entirely of hearsay, viz., of statements made to him by a brother of the defendant, and matters "ascertained from Mr. Moss," (a lawyer of Elmira,) "and other sources," and the "substance" of statements which the plaintiff has seen in the Elmira newspapers. The affidavit of Loid, a neighbor of the defendant, verified December 11th, shows that he drove the defendant from Corning to the Lackawanna railway station on December 3d; when defendant told him he was going to Elmira, and would be back the next Sunday to do some business with deponent, and that deponent had not seen him since, nor seen anybody who had. Loid also repeats a statement which he says "a lady" told him defendant's wife told her. It is apparent that, aside from the alleged statements of the brother of the defendant, and the matters "ascertained" from Mr. Moss and other sources not named, the facts disclosed by these affidavits will not support the attachment on either ground mentioned. Those facts are the existence of the cause of action accruing December 13th; the departure of defendant from home, December 3d; his statement that he would be back the next Sunday; and the fact that he was not known to have returned on December 11th. To the brother of defendant the plaintiff's affidavit attributes the statement that he had received a letter from the defendant saying that he might be gone 10 years, and might never come back; informing him of a power of attorney lodged with Mr. Moss, of Elmira; empowering him (the brother) to take charge of defendant's affairs; and requesting him to call and see the plaintiff about the note in suit. The plaintiff did not see the letter, nor does he state that he attempted to obtain it, or a copy of it, to attach to his affidavit, nor that he learned or inquired from what place it was written. He states that the brother told him he thought the defendant had gone to San Francisco, "because he had some time ago spoken of that city as a place he would like to live in." But the statements of most importance (if there were evidence to support them) contained in the plaintiff's affidavit are those of alleged facts "ascertained from Moss and other sources." These are to the effect that the defendant had two other notes outstanding, indorsed for his accommodation, to the amount of about $600, for the payment of which he had made no provision; and that he was otherwise indebted to the amount of several hundred dollars; that his three farms were incumbered by mortgage liens to about their full value; that since he had left, his brother, as his attorney in fact, had executed a mortgage on one of the farms to his (the defendant's) wife, of about $5,000, as security for $2,161.45, and against liability as security on notes; and that the defendant had also given to his brother a mortgage of $900 on his personal property, for what indebtedness or other consideration is not stated. Which of these facts were ascertained from Mr. Moss, and which from the indefinite "other sources," does not appear; except that in the next clause of the affidavit the plaintiff states that his "information as to the before-mentioned lands and personal property, and the incumbrances thereon, and the value thereof," is derived from Mr. Moss, * * * and statements made by Henry Loid and other farmers living near said lands, and from record copies of said mortgages." It is not stated when any one of the mortgages was given, except that to his wife, of which the defendant is not shown to have any knowledge. Nor is it charged that any one of them were given for a fictitious or exaggerated consideration, or otherwise than as a security for a just debt. We do not think these affidavits fully meet the requirements of the law in respect to the proofs

upon which an attachment may issue. The fault is not so much in the facts as in the proof of them. If all the facts suggested by these affidavits were substantiated by complete proof, a case would probably be made for an adjudication that the defendant has departed from the state to avoid the service of the summons, or that he keeps himself concealed therein with like intent; certainly not for an adjudication that he had disposed of property with intent to defraud his creditors, for no disposition of property is spoken of, except by the mortgages, and no circumstance is mentioned which suggests fraud in connection with either of them. But all the facts upon which the first-mentioned adjudication might be based, except that the defendant had not been seen at home from the 3d to the 11th of December, are stated upon hearsay merely. The plaintiff names two persons from whom some of his information has been received, but ascribes an important part of it to other sources, not disclosed, and he gives no reasons why the affidavits of the persons having knowledge of the facts are not presented. The rule in the case of *Bank* v. *Alberger*, 78 N. Y. 252, and numerous cases, seem to be conclusive against the sufficiency of the proofs in this case. The order of the special term must be reversed, and the motion to vacate the attachment granted, with $10 costs, and disbursements.

All concur, except BRADLEY, J., not sitting.