GEORGE F. HODGMAN, APPELLANT, *v.* STEPHEN T. BARKER, DEFENDANT.

NATIONAL BROADWAY BANK, RESPONDENT.

*Attachment — not vacated on the motion of an attachment creditor whose papers are also defective — what are legal conclusions — what proof of a levy is required.*

Where a subsequent attaching lienor seeks to vacate a prior attachment, and his papers are as defective as those of the person against whom he moves, he cannot succeed.

The affidavit of the president of a bank, a subsequent attaching lienor, stated that certain notes, upon which money had been procured by the defendant from the bank, were forged, but there was not shown to exist any personal knowledge of that fact upon the part of the affiant.

*Held,* that this statement was a mere conclusion of law.

A deputy sheriff, who had charge of making a levy under a second attachment, made an affidavit in which he stated that a notice of attachment was filed in the county clerk's office and, upon information and belief, that said attachment was levied upon the real property of the defendant, and that said property was the same as that levied upon under a prior attachment.

*Held,* that the affidavit merely stated a conclusion; that it furnished no proof that the notice filed complied with the notice required by the Code of Civil Procedure (§ 649, sub. 1) and that it was also insufficient in being upon information and belief and furnishing no excuse therefor. (LAWRENCE, J., dissenting.)

APPEAL by the plaintiff George F. Hodgman from an order made herein on the motion of the National Broadway Bank, claiming to be a subsequent attaching creditor, entered in the office of the clerk of the county of New York on the 3d day of March, 1891, vacating and setting aside the attachment issued in this action, against the property of the defendant, on the 24th day of October, 1890, with ten dollars costs.

The affidavit upon which the attachment was obtained by the National Broadway Bank was as follows:

Arthur T. J. Rice, being duly sworn, says that he is cashier of the plaintiff. That plaintiff is a domestic corporation and has a just cause of action against defendant for injury to personal property by reason of the fraud of defendant in procuring moneys from plaintiff, between June 15, 1890, and August 5, 1890, on six forged and fraudulent promissory notes issued in form to defendant, but fraudulently forged, made and used by defendant and transferred by him for full value to plaintiff, whereby plaintiff parted with moneys and

was defrauded in the sum of $21,500, which sum defendant is justly indebted to plaintiff over and above all counter-claims known to plaintiff.

That the defendant is a non-resident of this State and resides in the State of New Jersey.

That defendant has his place of business in the city of New York and has absconded therefrom and removed his property from this State with intent to defraud his creditors. That no previous application for a warrant of attachment herein has been made to any court or judge.

*E. K. Sackett*, for the appellant.

*W. F. MacRae*, for the respondent.

VAN BRUNT, P. J.:

I cannot concur in the conclusion arrived at by Mr. Justice LAWRENCE, that the order appealed from should be affirmed.

It is undoubtedly true that the papers upon which the plaintiff obtained his warrant of attachment disclose no cause of action as stated in the opinion of Mr. Justice LAWRENCE, but it would appear that the papers upon which the moving party, the National Broadway Bank, obtained its attachment were equally defective.

It appears from the warrant that it was obtained upon an affidavit made by the cashier of the National Broadway Bank, in which the allegation simply is, that the plaintiff is a domestic corporation, and has a just cause of action against the defendant for injury to personal property by reason of the fraud of defendant in procuring moneys on six forged and fraudulent promissory notes issued in form to the defendant, but fraudulently forged, made and used by the defendant and transferred by him for value to the plaintiff, whereby the plaintiff parted with moneys and was defrauded in the sum of $21,500, in which sum the defendant is justly indebted to the plaintiff over and above all counter-claims known to the plaintiff.

These are allegations of simple conclusions of law, and not allegations of fact showing that a cause of action existed. It further does not appear that the affiant could have had any personal knowledge as to whether the notes in question were forged or not, and without any evidence to support the assertion, the conclusion that the notes

were forged is sworn to. This is wholly insufficient to support the attachment, as has been held in the case of the National Broadway Bank against the same defendant, decided herewith.

It is true that, in the case cited, there was an attempt to establish the fact that the complaint was before the court on the granting of this attachment; but there is nothing in the papers presented upon this appeal to show that such complaint was before the court, even if, with such complaint before the court, the defects in the affidavit in question would have been remedied.

Now, it cannot be that, where a party seeks as a subsequent lienor to vacate a prior attachment, and his papers are as defective in establishing the lien as are the papers of the party against whom he moves, that he can succeed in his motion.

There is another objection to the maintenance of the motion, and that is that, even if the attachment of the bank was properly issued, there is nothing to show that it had ever been levied upon the property of the defendant therein. It is true that it is said that the deputy sheriff, having charge of the warrant of attachment, has stated certain things in respect to the levying of the attachment, but, in the case cited above, the same language was considered, and a mere allegation upon information and belief, where no sufficient excuse is given for not furnishing the affidavit of the party from whom the information is received, was held to be insufficient.

In respect to the real estate it is alleged that deponent has examined the records of the county clerk's office and has found that on the 25th of October, 1890, the notice of attachment in this action was filed, and on the 27th of October, 1890, the notice of attachment was filed in the action of the National Broadway Bank, and that the real property levied upon is the same in both said notices of attachment. This is a mere statement of a conclusion.

What this notice was we do not know; we are not informed, and whether it was such a notice as complied with the provisions of the Code, so as to make the attachment a lien upon the real estate, is nowhere set forth.

We think, upon such loosely drawn papers as these, no status for the vacating of a prior lien is established, and that the order appealed from should be reversed, with ten dollars costs and disbursements, and the motion denied.

DANIELS, J.:

The affidavit of Mr. Kelly, stating what he was informed by the deputy sheriff, had been done in the way of attaching the property of the defendant in the two stores, supplied no legal evidence that such was the fact. Information of that description is not proof.

Neither does the statement of the same person, that a notice of the attachment had been filed in the action in the clerk's office, prove that any real estate had been attached under either attachment. To make service of an attachment on real estate, the law requires that there shall be filed with the clerk a notice of the attachment stating the names of the parties to the action, the amount of the plaintiff's claim as stated in the warrant, and a description of the particular property levied upon, which must be subscribed by the plaintiff's attorney, adding his office address, and be recorded and indexed by the clerk in the same book, in like manner as a notice of the pendency of an action. (Code Civ. Pro., § 649, sub. 1.) And the affidavit wholly fails to prove a compliance with this provision. This motion depended upon a matter of strict right between the moving and the preceding attaching creditor. In the absence of that right, established by proof, the earlier attachment cannot be avoided. It was not so maintained, for the affidavit failed to prove that the attachment of the bank had been levied upon either personal or real property.

There was no legal foundation for the motion, and I agree that the order should be reversed and the motion denied.

LAWRENCE, J. (dissenting):

In this case the plaintiff obtained an attachment against the defendant's property on the 24th day of October, 1890, upon an affidavit in which he states:

1. That he is entitled to recover from the defendant the sum of $12,500 over and above all counter-claims known to the plaintiff, and upon one of the causes of action mentioned in section 635 of the Code of Civil Procedure and particularly set forth in subdivision 2 of this affidavit.

2. That on or about the 20th of September, 1890, one Peter W. Gallaudet and others were engaged in business as note brokers in the city of New York under the firm name of P. W. Gallaudet

& Co., and at the same date and ever since one John M. Cornell was engaged in business at said city as iron manufacturer under the name of J. B. & J. M. Cornell. That at the date last mentioned said defendant Stephen T. Barker delivered to said P. W. Gallaudet & Co. three certain promissory notes, all bearing date September 20, 1890, and purporting to be made by said J. B. & J. M. Cornell, payable to the order of Barker & Co. in manner following, viz., one note for $4,600, due in four months; one for $4,400, due in five months, and one for $3,500, due in six months, said periods being reckoned from the date of said notes.

That all of said notes were indorsed by Barker & Co., which was the name under which said Stephen T. Barker was transacting business, and said name of Barker & Co. did not represent any other partner or person than said Stephen T. Barker, to the best of this deponent's knowledge, information and belief. Deponent further says that upon the delivery of said notes as aforesaid, said Stephen T. Barker guaranteed to said P. W. Gallaudet & Co. that the signatures of the maker appearing thereon, respectively, were the genuine signatures of said J. B. & J. M. Cornell; and the said Stephen T. Barker then and there requested said P. W. Gallaudet & Co., as such brokers, to sell and dispose of said notes for him and to deliver to him the proceeds thereof, and thereupon said P. W. Gallaudet & Co. did sell and transfer all of said three notes to *bona fide* purchasers for valuable considerations, and did guarantee to said purchasers that the signatures of the maker appearing thereon, respectively, were genuine signatures of said J. B. & J. M. Cornell, and did pay over the proceeds of said sales to said Stephen T. Barker.

That thereafter, and before this action, said Gallaudet & Co. discovered, and the fact is, that said signatures, appearing upon said notes to be the signatures of J. B. & J. M. Cornell, were not the signatures of the said J. B. & J. M. Cornell, and that said notes never were made or signed by the said J. B. & J. M. Cornell, or by the authority of the said J. B. & J. M. Cornell; that said Stephen T. Barker is insolvent and has absconded, and his present whereabouts are unknown to plaintiff; that said P. W. Gallaudet & Co. have assigned to this plaintiff all their claims against the said Stephen T. Barker arising out of the facts hereinbefore stated; that said Stephen

T. Barker is not a resident of the State of New York, but resides at Glen Ridge, in the State of New Jersey.

The National Broadway Bank subsequently moved to set aside the attachment in favor of the plaintiff upon an affidavit made by its attorney, wherein it is stated that on the 27th of October, 1890, an attachment against the property of the defendant was duly granted in an action, wherein it was plaintiff and Barker defendant, and that a warrant was duly issued to the sheriff of the city and county of New York, who has by virtue thereof attached the property of the defendant, as hereinafter set forth, and that James Young, as deputy sheriff, has charge of the warrants issued in both actions, and has informed said attorney that on the 24th of October, 1890, he attached the property of the defendant in the stores No. 27 Maiden lane and No. 8 College place, in New York city, and that on the 27th of October, 1890, he attached the same property under the warrant of attachment in the aforesaid suit of the National Broadway Bank.

That the defendant also owned an undivided one-fifth interest in certain real estate, situated in the city and county of New York, and deponent has this day examined the records in the clerk's office of the said city and county of New York, and finds therein that on the 25th day of October, 1890, a notice of attachment was filed in this action, and that on the 27th day of October, 1890, a notice of attachment was filed in the action of the National Broadway Bank, and that the real property so levied upon is the same in both said notices of attachment.

The motion by the bank to set aside the attachment in favor of the plaintiff on the ground of the insufficiency of the plaintiff's affidavit was granted.

We are of the opinion that the order below should be affirmed. There is nothing in the affidavit on which the plaintiff's warrant was obtained which shows that the plaintiff's assignors, P. W. Gallaudet & Co., had been called upon by the holders of the forged paper to pay over to them the amounts for which they had purchased the notes, or had incurred any liability thereon.

Until such fact appears, it seems to us no cause of action arose in favor of the firm of P. W. Gallaudet & Co. and that, therefore, the

action of the plaintiff was prematurely brought. The plaintiff, however, attacks the affidavit on which the bank obtained its attachment, and claims that it does not state a case in which an attachment should issue.

We are of the opinion that the statement in the affidavit of Mr. Kelly as to the information derived from the deputy sheriff respecting the attachment of the personal property in Maiden lane and College Place, would not be sufficient evidence to sustain a lien in favor of the bank upon that property; but enough is stated in that affidavit to show that the interest of the defendant in the real estate had been duly attached under the bank's attachment. The other criticisms upon the affidavit of the moving party we do not regard as sound.

The order appealed from should be affirmed, with ten dollars costs and disbursements to the respondent.

Order reversed, with ten dollars costs and disbursements, and motion denied.