E. W. BLISS COMPANY, Respondent, *v.* THE OPERA GLASS SUPPLY COMPANY, Appellant.

*Attachment — requisites of an affidavit made, on behalf of a corporation, for an attachment — what is proof that a sum is due the plaintiff "over and above all counter-claims."*

Section 636 of the Code of Civil Procedure, subdivision 1, requires, upon an application for an attachment, an affidavit showing that the plaintiff is entitled to recover a sum stated therein, "over and above all counter-claims known to him."

*Held,* that where a former executive officer of a corporation, with whom the actual transaction took place, and his successors, who had charge of its books, made affidavits that the corporation was entitled to recover of the defendant a certain sum over and above all counter-claims "known to deponent," the above provision was reasonably complied with, and that jurisdiction was conferred thereby; and that it was not necessary that such an affidavit should be made by every officer of the corporation.

(Van Brunt, P. J., dissenting.)

Appeal by the defendant, The Opera Glass Supply Company, from an order entered in the clerk's office of the county of New York, on the 19th day of May, 1891, denying its motion to vacate an attachment granted in the above-entitled action.

*A. H. Masten,* for the appellant.

*James B. Dill,* for the respondent.

Barrett, J. :

The sole ground upon which a reversal is here claimed is that the affidavits upon which the attachment was granted do not show a right to recover the sum sued for " over and above all counter-claims " known to the plaintiff.

The cause of action is fully established by the affidavit of Mr. Porter, who was the plaintiff's secretary and treasurer at the times mentioned in the complaint, and who had personal knowledge of all the matters in question. Mr. Porter states that the plaintiff is entitled to recover from the defendant the unpaid balance claimed in the complaint " over and above all counter-claims existing in favor of the defendant and against the plaintiff, known to the deponent." The present secretary of the plaintiff, Mr. Copp, makes a similar statement with regard to counter-claims.

The appellant's objection to these statements is that, as Mr. Porter does not appear at the present time to be an officer of the plaintiff, he cannot know whether any counter-claims have arisen in favor of the defendant since he ceased to be an officer, and that, as Mr. Copp has no personal knowledge of the transactions set forth in the complaint, he cannot know anything on the subject.

These objections are not well taken. Mr. Copp may not have had any personal connection with the original sale and delivery of the goods, and yet he may be perfectly competent to make the requisite affidavit with regard to the existence or non-existence of claims against the company. This is not a case where the principal may have knowledge of a claim existing against himself, of which his agent is entirely ignorant. Here the principal, as such, can have no knowledge. It would, for instance, be absurd for one of its officers to state that the corporation was entitled to recover the claim sued upon over and above all counter-claims known to it. When, therefore, one of the executive officers of a corporation whose duties are such that he would naturally know of the existence of claims against the company, states that there are no such claims to his knowledge, the statute is reasonably complied with and the jurisdiction attaches. The object of the statute is to secure a defendant against an attachment for a larger amount than is really recoverable. This is just, and so far as may be necessary to effect that end the statute should be strictly enforced. At the same time

a plaintiff should not be deprived of his rights by a too technical adherence to the letter of the law, or by too great strictness as to the form in which the necessary evidence is presented. Thus, in *Buell* v. *Van Camp* (119 N. Y., 160), the Court of Appeals held that where there were several individual plaintiffs the affidavit of one of them to the effect that a cause of action existed against the defendants, " over and above all counter-claims and set-offs *known* *to deponent,*" was a sufficient compliance with the statute and showed " that the plaintiffs were entitled to recover the sum stated in the affidavit over and above all counter-claims *known to them.*" If such a statement was sufficient in the case of individuals, it certainly should not be deemed insufficient in the case of corporations. The argument that the individual affiant may be ignorant of a counter-claim which is, perhaps, well known to some of the other plaintiffs, is quite as strong as the argument that the president or treasurer of a corporation may know of some claim against it which is unknown to the secretary.

To require every executive officer of a corporation to make the affidavit against counter-claims before permitting it to apply for an attachment would be unreasonable and oppressive. And such extreme technicality is not required adequately to secure the defendant against an abuse of process. In *Ruppert* v. *Haug* (87 N. Y., 144), the Court of Appeals held that it was enough if the affidavit showed this fact as to the absence of counter-claims " to the satisfaction of the judge who receives the application for the warrant, but there must be *some evidence,*" citing *Steuben County Bank* v. *Alberger* (78 N. Y., 258), where the same court said : " If we could gather from them (the affidavits) any fact, however light, which tended to show the existence of the statutory conditions, the judge would have acquired jurisdiction." In the case at bar the secretary of the company would have been as likely to know whether the defendant had any counter-claims against the plaintiff as any other of its officers. In addition to his other duties he naturally had charge of the books of the corporation, in which all transactions, involving either debit or credit, are usually recorded. These books he states that he resorted to before verifying the complaint. The previous secretary showed the entire absence of any counter-claim while he remained an officer of the company, which was as late as the last item in the

account. The present secretary, with the books before him, states that he, too, knows of no counter-claim. This was surely sufficient to confer jurisdiction upon the judge who granted the attachment. It was certainly some evidence of the absence of any such counter-claim. And, unless it was necessary to add the testimony of all the other officers of the company as to their ignorance of any such counter-claim, it was reasonably sufficient. We have, in fact, no doubt from the affidavits presented, without contradiction or explanation, that the plaintiff is entitled to recover from the defendant the amount claimed over and above all counter-claims.

The order appealed from should, therefore, be affirmed, with costs.

Patterson, J., concurred.

Van Brunt, P. J.:

I dissent. I do not think that the affidavit was a compliance with the provisions of the Code. All that the case of *Buell* v. *Van Camp* decides is that such an affidavit conferred jurisdiction upon the court below, and, as in such a case the Court of Appeals has no power of review, it affirmed the order, but the General Term may review and should review, even where jurisdiction has been obtained, and when such jurisdiction has been improperly exercised they should reverse. In the case at bar the provision of the Code has not been complied with, and as an attachment is an extreme remedy, its issuance is justified only when letter and spirit of statutory requirement are complied with.

Order affirmed, with costs