CENTRAL NAT. BANK OF TROY v. FT. ANN WOOLEN CO. et al.

(Supreme Court, Special Term, Rensselaer County. July 29, 1893.)

1. ATTACHMENT—AFFIDAVIT—BY PRESIDENT OF COMPANY.

An affidavit for attachment stated that affiant was president of plaintiff bank; that he had known defendant B., president of defendant company, for years; that B. had been a customer of plaintiff for several years;

that, two or three years before, B., desiring to extend his credit, and that of defendant company, with plaintiff, made certain statements to affiant, which were repeated from time to time down to within three months of making the affidavit; and that defendants, from time to time, obtained loans from plaintiff because of such representations. *Held,* that it justified a conclusion that affiant was president of the bank at the time of the transactions therein referred to, and that he had full knowledge of the entire indebtedness of defendants to plaintiff, so that his statement that plaintiff's claim was over and above all counterclaims known to him was sufficient, within Code Civil Proc. § 636, requiring the affidavit to show the indebtedness of defendants to be over and above all counterclaims known to plaintiff.

**2. SAME—FRAUDULENT DISPOSITION OF PROPERTY.**

An affidavit for attachment stated that defendant B.'s wife held a mortgage on his lands, which at her death she bequeathed to him; that recently, intending thereby to place the mortgage beyond the reach of his creditors, and to make it appear to be a valid lien on his land, he transferred it to certain persons without consideration, on the pretense that as to it there was a trust in their favor, though he knew such trust had been declared void. *Held,* that this was a sufficient statement of an attempted fraudulent disposition of property by B.

**3. SAME—ACTS OF CORPORATION'S PRESIDENT.**

Allegations, in an affidavit for attachment, of fraudulent disposition by the president and chief stockholder of a corporation of his individual property, will not warrant an attachment against the corporation.

**4. SAME—INSUFFICIENT PAPERS—VACATION.**

Though the affidavits on which an attachment is granted are insufficient, the attachment will not be vacated on motion of a subsequent attaching creditor, where the affidavits on which his attachment issued were also insufficient.

**5. SAME—AFFIDAVIT—FRAUD.**

An affidavit for attachment against a company engaged in the manufacture of woolen cloth, stating that the company was not engaged in selling wool, but that affiant saw a load of wool at the depot, being shipped away, which the person in charge of it, who worked for some one else, told affiant came from the company's factory, does not show a fraudulent disposition by the company of its property, even admitting that the wool came from its factory.

**6. SAME—HEARSAY.**

The fact that the wool came from the factory of the woolen company could not be shown by the statements in the affidavit, they being merely hearsay.

Action by the Central National Bank of Troy against the Ft. Ann Woolen Company and John M. Barnett, commenced by attachment. The Glens Falls National Bank, a subsequent attaching creditor, moves to vacate and set aside plaintiff's attachment. Motion denied.

Edgar T. Brackett, for the motion.
C. E. Patterson, opposed.

FURSMAN, J. This motion is made solely upon the papers on which the plaintiff's attachment was originally granted, and various objections are urged to the sufficiency of such papers. The first is that the affidavit of Mr. Warren, president of the plaintiff, does not state the indebtedness of defendants to the bank to be over and above all counterclaims known to the plaintiff, as required by section 636, Code Civil Proc. · The affidavit of Mr. Warren sets

forth that "he is the president of the plaintiff;" that a cause of action exists in favor of the plaintiff against the defendants, describing it; and that "the amount of the plaintiff's claim is $6,000, * * * over and above all counterclaims and set-offs known to deponent." The case of Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208, is relied on in support of the contention that the affidavit is insufficient in the particular suggested. In that case the affidavit was made by the president of a manufacturing corporation, and stated the indebtedness to exist "over and above all counterclaims known to deponent or to the plaintiff," but did not state that the affiant was president at the time of the transaction. Van Brunt, P. J., makes a distinction between the officers of trading and banking corporations, and holds that the chief officers of a bank may be presumed to be acquainted with its financial affairs, while in the case of a trading corporation no such presumption exists. The remaining judges hold the affidavit insufficient because it did not state that the affiant was president at the time of the transaction, but only that he "is president," i. e. at the time of making the affidavit. The affidavit of Mr. Warren is like it in this respect, but a careful examination of the entire affidavit satisfies me that it sufficiently indicates that Mr. Warren was president at the time of the transaction, and is familiar with the financial affairs of the bank. He states that he is president; that he has known defendant Barnett, president of the woolen company for years; that Barnett had been a customer of the plaintiff for several years; that some two or three years ago, desiring to extend his line of credit and that of the woolen company with the plaintiff, Barnett made to him (deponent) and to plaintiff's cashier the statements and representations set forth; that such statements were made to him and to the cashier from time to time, down to within three months of making the affidavit; that the defendants from time to time obtained loans from plaintiff "because of the representations made as aforesaid;" and that such loans would not have been made, but for the reliance of the plaintiff thereon. There is enough here to justify the conclusion that the affiant was president of the bank at the time of the transaction, and that he has full knowledge of the entire indebtedness of the defendants to the plaintiff. A corporation, as such, cannot have knowledge. The knowledge of its officers must be attributed to it. And when, therefore, the president of a bank declares that he is its president; that, for the purpose of inducing credit, certain representations were made to him; that, relying upon such representations, the bank made loans, which remain unpaid; and that the debt thus created is due the bank, over and above all counterclaims known to him,—it is sufficient. I am strengthened in this view by the case of Bliss Co. v. Opera-Glass Supply Co., 60 Hun, 438, 15 N. Y. Supp. 6, and the cases there cited. Bank v. Johnson, (Sup.) 16 N. Y. Supp. 71, is also in point.

It is also insisted that the affidavit does not charge that the defendant the Ft. Ann Woolen Company has been guilty of any

fraudulent disposition of property, and that the allegations touching the fraudulent disposition of property by defendant Barnett are insufficient to sustain the warrant. As to the latter, the affidavit states, in substance, that Barnett's wife held a mortgage of about $14,000 upon his real estate, which at her death she bequeathed to him, and that recently, intending thereby to place this mortgage beyond the reach of his creditors, and to make it appear to be a valid lien in their favor upon his real estate, he had transferred the same to the children of one Volney Dean Richmond, without consideration, upon the pretense that as to it there was a trust in their favor, created by their grandfather's will, (Mrs. Barnett having received it from him,) although he well knew that such alleged trust had been declared void by the judgment and decree of this court. I think this is a sufficient statement of an attempted fraudulent disposition of property by Barnett. It is urged that such transfer must have been made by him as executor (for such he was) of his wife's will, but it is sufficient to say that, so far as is disclosed, the transfer was made by him individually. Moreover, if it was made by him as executor, it was still an attempt on his part to place property in which he had a beneficial interest beyond the reach of his creditors.

But as to the woolen company the affidavit is clearly insufficient. It nowhere charges any fraudulent act of the company, and the fraudulent acts of Barnett in disposing of his individual property cannot be attributed to it. They are separate and distinct entities, possessing separate and distinct rights, powers, and privileges. They are each citizens owning property severally, and subject to separate liabilities. The corporation exists as an individual body, distinct from all others, and must continue thus to exist until dissolved by judicial decree. It is of no importance whether Barnett does or does not own, practically, the whole of the capital stock of the company. The situation is not thereby changed. They each have an independent existence, notwithstanding. If Barnett has attempted to fraudulently dispose of his property, there is no evidence that the company has made any such attempt as to its property, and the act of Barnett does not justify an attachment against the company. Bogart v. Dart, 25 Hun, 395; Edick v. Green, 38 Hun, 202--209. If, therefore, this motion was made by the woolen company, or by a judgment creditor of that company, I do not think it could be resisted. But it is made by a subsequent attaching creditor; and, to be successful, it must appear that the papers upon which the subsequent attachment issued were themselves sufficient. Hodgman v. Barker, 60 Hun, 156, 14 N. Y. Supp. 574. The affidavits upon which the attachment in favor of the moving party herein was issued are as barren of any allegation of a fraudulent, or attempted fraudulent, disposition of property by the woolen company as are those of the plaintiff, unless the affidavit of Edward Wall aids them in this particular. This was frankly conceded by counsel on the argument. That affidavit is clearly insufficient for the purpose of charging the woolen company with any fraudulent

act. The only part of the affidavit pertinent to this question is the statement that on the morning of June 3, 1893, he saw a load of wool drawn to and unloaded at the railroad station at Ft. Ann; that one Sweet, an employe of a certain wool dealer at Troy, was in charge of this wool; that it was shipped by express, instead of by freight; and that Sweet told him (Wall) that it came from the factory of the woolen company. The affidavit also states that the business of the company is the manufacture of wool into cloth, and that it does not deal in or vend unmanufactured wool. Assuming the truth to be that this wool came from the company's factory, and was being shipped away, there is nothing in that fact inconsistent with an entire honesty of purpose on the part of the woolen company. There is nothing to show that this is an unusual occurrence, and it may well be that this particular wool was being returned to the seller, as not being of the quality ordered, or that the seller, finding the company to be in failing circumstances, retook the wool before the company had acquired actual possession of it. A fraudulent or dishonest purpose, in such a case, is not to be presumed. There must be some evidence from which it can be justly inferred. I do not think this affidavit contains such evidence. But there is a fatal objection to the sufficiency of this affidavit in this respect. The statement of Sweet to the witness, that the wool came from the factory of the company, is the clearest hearsay. Neither of them were at the time in any way connected with the woolen company, or engaged in its business. It was the mere statement of a third party to one in no wise interested in knowing the facts. No one is, or ought to be, bound by the words of a stranger. It is not a part of any res gestae, because it does not appear that anything was being done at that time by the woolen company, or in its name, or on its behalf. The most that can be said for it is that Wall heard, from one not authorized to speak, that the wool came from the company's factory. This is not evidence. Moreover, the affidavit of Sweet is not produced, nor any reason given for its non-production. Farley v. Shoemaker, (Sup.) 1 N. Y. Supp. 729; Bank v. Alberger, 78 N. Y. 252. This affidavit being insufficient, the papers on which the attachment of the Glens Falls Bank issued are no better or stronger in respect to the woolen company than are those upon which the plaintiff's attachment was granted. The motion is therefore denied, with costs.