ADOLF LADENBURG et al., Appellants, *v.* COMMERCIAL BANK OF NEWFOUNDLAND, Defendant.— MERCHANTS' BANK OF CANADA, Junior Attaching Creditor, Respondent.

1. ATTACHMENT — INFORMATION BY CABLE DISPATCHES. *It seems* that it is a very strict rule which holds that information communicated to a plaintiff in this state by his correspondent in a foreign country by cable, in the ordinary course of business, of the dishonor of bills upon which suit is brought, furnishes no evidence upon which a judge can act in granting an attachment.

2. ATTACK BY JUNIOR CREDITOR. A junior attaching creditor should be held to a strict construction of his own procedure when he seeks, on technical grounds, to set aside a prior attachment upon an objection not raised by the defendant, in order to gain a priority of lien.

3. OBJECTIONS TO ATTACHMENT. A junior attaching creditor should not be permitted to have a prior attachment set aside upon the ground that it was obtained on an affidavit based upon information derived from cable dispatches, when it appears that his own attachment is open to substantially the same objection, through having been obtained on allegations. based upon information derived from letters.

*Ladenberg* v. *Commercial Bank* (89 Hun, 611), reversed.

(Argued January 6, 1896; decided January 14, 1896.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, made October 18, 1895, which affirmed an order of Special Term vacating an attachment.

The facts, so far as material, are stated in the opinion.

*E. H. Benn* for appellants. A junior attaching creditor, as a foundation for his motion, must show that his papers are free from defects to entitle him to any right to move to set aside a prior attachment; or, even if the papers on which the attachment sought to be set aside are defective, yet, if the papers of the moving attaching creditor are equally defective, his motion cannot be granted. (*Hodgson* v. *Barker*, 38 N. Y. S. R. 578; 20 Civ. Pro. Rep. 341.) The plaintiff's attachment should not be set aside simply because the plaintiff in his affidavit, in stating that the sources of his information and belief that the bills had been protested and notice given, were cable dispatches from his correspondent in London, did not set forth those dispatches. (116 N. Y. 621; 43 Barb. 231; 85 N. Y. 68; *French* v. *McGuire*, 55 How. Pr. 471.) In this case the moving party is attacking the order and jurisdiction of the judge granting it, collaterally, solely on the ground that the plaintiff did not set forth in his affidavit, or produce all the evidence which would be required on a trial to prove the facts if disputed. If the law required so much, the remedy by attachment would be of little use. But if the source of the plaintiffs' information and belief is required in

such a case, it was given, and sufficiently given in this case. (*Haebler* v. *Bernharth*, 115 N. Y. 459 ; *Van Camp* v. *Searle*, 147 N. Y. 150 ; *Miller* v. *Adams*, 52 N. Y. 409 ; *Hall* v. *Munger*, 5 Lans. 100 ; *Donnelly* v. *West*, 67 How. Pr. 428 ; *Murphy* v. *Jack*, 142 N. Y. 215 ; 18 Wend. 614 ; Code Civ. Pro. § 636 ; *Lee* v. *La Champagnie*, 2 N. Y. S. R. 612 ; *Andrews* v. *Borland*, 10 N. Y. S. R. 396 ; *Leiser* v. *Rosman*, 32 N. Y. S. R. 739.)

*Robert L. Redfield* for respondent. The affidavit being necessarily based upon mere information as to a jurisdictional fact, the attachment granted thereon was properly vacated. (*Murphy* v. *Jack*, 142 N. Y. 215 ; *Tim* v. *Smith*, 93 N. Y. 87, 91 ; *Steuben Co. Bank* v. *Alberger*, 78 N. Y. 252 ; *De Weerth* v. *Feldner*, 16 Abb. Pr. 295 ; *Wilmerding* v. *Cunningham*, 65 How. Pr. 344 ; *Hingston* v. *Miranda*, 12 Civ. Pro. Rep. 439 ; *K. S. Co.* v. *Inman*, 53 Hun, 39 ; *Thompson* v. *Best*, 4 N. Y. Supp. 229 ; *Ladenburg* v. *C. Bank*, 87 Hun, 269.) The jurisdictional defect in the papers on which the attachment was granted may be availed of by a junior attaching creditor, moving under section 682 of the Code. (*Haebler* v. *Bernharth*, 115 N. Y. 462 ; *Steuben Co. Bank* v. *Alberger*, 75 N. Y. 179 ; *Smith* v. *Davis*, 29 Hun, 396.)

*Per Curiam.* The motion of the junior attaching creditor to set aside the attachment in favor of the plaintiffs was based on the ground that the affidavit on which the attachment issued furnished no legal evidence of the non-acceptance and protest of the bills of exchange sued upon. The bills were drawn by the defendant upon a London bank, and the facts of present-ment and protest were alleged on information and belief, but the affidavit (which was made by one of the plaintiffs) stated that the "sources of deponent's information and belief are cable despatches received from correspondents of deponent's firm in London." The plaintiffs constituted a firm doing business in the city of New York and they were residents of this state. The alleged presentment and protest were stated

to have been made on the 7th and 10th of December, 1894, and the application for an attachment was made on the day last mentioned. It seems to us to be a very strict rule which holds that information communicated to the plaintiffs by their correspondent in a foreign country by cable in the ordinary course of business, of the dishonor of the bills upon which the suit was brought, a fact which could not be communicated in any other way so as to give prompt information, furnishes no evidence upon which a judge could act in granting an attachment. It is common knowledge that the business community act upon information so communicated and that important transactions in the commercial world are daily consummated in reliance upon information by cable.

But assuming that the evidence of the cable information did not support the essential facts of presentment and protest of the bills so as to justify the issuing of the attachment, nevertheless the respondent cannot assail it unless it has a standing by reason of a valid attachment in its favor. It should be held to a strict construction of its own procedure, when it seeks on technical grounds to set aside the attachment of the plaintiffs upon an objection which the defendant in the action does not interpose, in order to gain priority of lien. The junior attachment was issued upon an affidavit made by an agent of the plaintiff in the second action, and a complaint therein verified by such agent. The complaint alleges in direct and unqualified terms the making, presentment and protest of the draft sued upon, and in the affidavit of verification the affiant states that he has read the complaint and that the same is true of his own knowledge, except as to the matters therein stated on information and belief, and that as to those matters he believes it to be true. There were no allegations in the complaint stated on information and belief. But the affidavit adds to the statement above recited this clause: "That deponent's knowledge and the sources of his information as to the matters therein (in the complaint) alleged, are letters from the plaintiff respecting the same, as well as the possession of the draft above referred to and

quoted." The just construction of the verification in connection with the complaint is that the allegations in the complaint· are based upon information derived from letters from the plaintiff and the possession of the draft. The letters, so far as appears, were not produced, nor were their contents specifically described. The separate affidavit used on the application, made by the same person who verified the complaint, refers to the complaint and states that "all the allegations of which are true to the knowledge of this deponent," and "that the sources of deponent's information, among others, is the said draft in deponent's possession." Construing the affidavit in connection with the complaint, the reasonable inference is that the facts of presentment and protest were alleged upon information of the agent, derived from letters from the plaintiff. In this view the junior attachment was subject to the same objection that was urged against the attachment of the plaintiffs. The junior attaching creditor should not be permitted to have the prior attachment set aside upon an objection to which his own proceedings were fairly subject. Any ambiguity should, under such circumstances, be construed against a creditor standing in that attitude.

We think the orders below should be reversed and the motion to vacate the attachment of the plaintiffs be denied, with costs.

All concur, except Vann, J., not sitting.

Orders reversed.