MONETTE v. CHARDON.

(Supreme Court, Special Term, New York County. February, 1896.)

ATTACHMENT—AFFIDAVIT—AVERMENT OF FACTS.
  An affidavit which avers on information and belief that defendant has departed from the state with intent to defraud his creditors, without stating any facts in support thereof, is not sufficient to sustain an attachment.

Action by Arthur R. Monette against Ludwig Chardon. Defendant moves to vacate an attachment, on the original papers. Granted.

Franklin Bien, for motion.
Roger Foster, contra.

PRYOR, J. Defendant's notice of appearance is not among the papers before me; but I assume, on the representation of counsel, that the appearance is special, merely to move a vacation of the attachment. Upon principle and authority it seems that a special appearance is allowable only to challenge jurisdiction, and that such appearance for any other purpose is, in legal effect, a general appearance. 2 Enc. Pl. & Prac., p. 632, and cases in note; Blossom v. Estes, 84 N. Y. 614; Cruger v. Railroad Co., 12 N. Y. 190. Whether, therefore, the defendant appear specially or generally, he is in a position to question the validity of the attachment for defect of jurisdiction. Conceding, for argument, the sufficient verification of the complaint, and that its allegations are upon personal knowledge, still, I conclude that in connection with the affidavit no ground of attachment is apparent in the papers. Conversion is the ground of attachment indicated in the complaint. Code, § 635, as amended by chapter 578,

Laws 1895.   Assuming that the general allegation of conversion be sufficient (Arming v. Monteverde, 8 N. Y. St. Rep. 812), and that it is available though not recited in the warrant (Insurance Co. v. Dimmick [Sup.] 22 N. Y. Supp. 1096), the affidavit shows that the conversion was not by the defendant, but by his partner.   But the delinquency of his partner exposes neither the defendant's nor the firm property to attachment.   Bogart v. Dart, 25 Hun, 395.

The grounds of attachment recited in the warrant are that the defendant "has departed from the state with intent to defraud his creditors and to avoid service of a summons, and has assigned and disposed of his property with the like intent."   The allegation of departure with intent to avoid service of summons and to defraud creditors is simply "upon information and belief," and the affidavit shows that the fraudulent disposition of property was by the partner and the firm, without any personal participation of the defendant in the wrong.   Bogart v. Dart, supra.   It is an indispensable condition of jurisdiction to award an attachment that the facts requisite by statute to its issuance be presented to the court.   Blossom v. Estes, 84 N. Y. 614, 617; Zeregal v. Benoist, 33 How. Prac. 129, 134. An allegation of conclusions without supporting facts is nugatory. Hodgman v. Barker, 60 Hun, 156, 14 N. Y. Supp. 574; Exchange v. Strauss (Sup.) 27 N. Y. Supp. 282; Bank v. Loucheim (Sup.) 8 N. Y. Supp. 520.   A mere averment on information and belief is not enough (Ladenburg v. Bank, 87 Hun, 269, 33 N. Y. Supp. 821),—a proposition not controverted by the court in 148 N. Y. 202, 42 N. E. 587.   The imputation of fraudulent intent on the part of the defendant in leaving the state and in disposing of property is not supported by a solitary auxiliary fact.

To uphold this warrant on these papers would dispense with all the safeguards of property against the havoc of executions before judgment—for such are attachments—which the law has so sedulously provided for its security.   The inevitable conclusion is that the court was without jurisdiction to issue the attachment upon any ground apparent in the papers.   Bank v. Alberger, 78 N. Y., 252; Hosiery Co. v. Arnold (Sup.) 18 N. Y. Supp. 910;  Furman v. Walter, 13 How. Prac. 349.

The attachment must be vacated.