### BELMONT v. SIGUA IRON CO.

(Supreme Court, Appellate Division.    First Department.    December, 11, 1896.)

ATTACHMENT—MOTION TO VACATE—SUFFICIENCY OF AFFIDAVIT.

On motion to vacate an attachment, under Code Civ. Proc. § 682, providing
that a person who has acquired an "interest in defendant's property after it
was attached" may, at any time before the actual application of the property
to the payment of a judgment recovered in the action, apply to vacate the war-
rant, an affidavit by a clerk in the office of the attorneys for the moving party,
averring, on affiant's own knowledge, that said party was, after the levy of at-
tachment, appointed receiver of defendant corporation, and that he qualified
as such by filing a duly-approved bond, as required by the order of appoint-
ment, is insufficient to show that the appointee had acquired an interest in the
property; no circumstances being stated from which it could be inferred that
affiant had personal knowledge of the giving, filing, or approval of said bond.

Appeal from special term, New York county.

Action by August Belmont against the Sigua Iron Company.
From an order vacating the attachment obtained by plaintiff, and
denying his motion to amend the papers on which the attachment
was granted, he appeals.    Reversed in part.

Argued before VAN BRUNT, P. J., and BARRETT, WILLIAMS,
PATTERSON, and O'BRIEN, JJ.

Chas. Stewart Davison, for appellant.
R. Burnham Moffat, for respondent.

WILLIAMS, J.   It does not seem to be necessary to pass upon the questions whether the papers were originally sufficient to authorize the issue of the attachment, or whether the papers should have been amended as desired.   We are clearly of the opinion that the moving party was not entitled, upon its papers presented upon the motions, to attack the attachment for any defects in the papers upon which the same was granted.   The defendant appears to have been a foreign corporation, organized under the laws of the state of West Virginia; and the respondent claims to be a receiver of the property of such corporation in the state of New York.   The attachment was granted on the 5th of June, 1894.   It is claimed in behalf of the moving party that the respondent was appointed such receiver June 22, 1896, by the supreme court of this state, in a suit wherein one Montgomery was plaintiff, and the corporation was defendant, such appointment being made ancillary to and in support of his appointment as receiver of the corporation by the circuit court of the United States for the Eastern district of Pennsylvania, on the 9th of February, 1894, in an action between the same parties; that the respondent thereafter, and before the making of the motion to vacate the attachment, duly qualified, by giving his bond, duly approved by the court; that no application of any attached property, or the proceeds thereof, to the payment of any judgment, had been made, and no judgment had been entered when the motion to vacate attachment was made.   The evidence of these facts presented to the court as a basis for the motion to vacate the attachment was contained in the affidavit of the managing clerk in the office of Evarts & Moffat, attorneys for the receiver, for the purpose of this motion only.   It is provided by Code Civ. Proc. § 682, that:

"The defendant or a person who has acquired a lien upon, or interest in defendant's property, after it was attached, may, at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, apply to vacate or modify the warrant," etc.

In order to have the relief afforded by the Code, vacating the attachment, the moving party must show by competent evidence (he not being the defendant itself) that he acquired a lien upon or interest in defendant's property after it was attached.   In this case the moving party was required, at least, to show that he was duly appointed receiver of the property of the corporation, and thus acquired a lien on or interest therein after the levy of plaintiff's attachment.   This he did not do.   Applying the same rules to the affidavit of the managing clerk which are applied to the affidavit upon which an attachment may be issued, as we must do, under the principle laid down in Ladenburg v. Bank, 148 N. Y. 203, 42 N. E. 587, the affidavit in support of the motion will be found to be entirely inadequate and insufficient.   In the Ladenburg Case, above referred to, the affidavit of the moving party held to be defective was that upon which the junior attachment was granted; and it was held that, by reason of such defect, the junior attachment was granted without jurisdiction, and gave the moving party no lien.   The court said:

"But assuming that the evidence of the cable information did not support the essential facts of presentment and protest of the bills, so as to justify the issuing

of the [plaintiff's] attachment, nevertheless the respondent cannot assail it, unless it has a standing by reason of a valid attachment in its favor. It should be held to a strict construction of its own procedure, when it seeks, on technical grounds, to set aside the attachment of the plaintiffs, upon an objection which the defendant in the action does not interpose, in order to gain priority of lien. * * * The junior attaching creditor should not be permitted to have the prior attachment set aside upon an objection to which his own proceedings were fairly subject."

The same principle should be applied here to the attempted proof of a subsequent lien or interest in defendant's property, where the moving party seeks to attack the validity of the lien of plaintiff's attachment. The order appointing the receiver here was presented by sworn copy on the motion; but it was provided by the order that the receiver should not enter upon the discharge of his duties as such until he had made and filed with the clerk of the court the bond therein provided for, duly approved by a justice of the court. Until he did this, certainly he was vested with no interest in the property of the defendant, and was in no position to assert such interest, or to make the motion to vacate plaintiff's attachment. In his affidavit, the managing clerk of the attorneys for the receiver, on this motion, swore to the conclusion that the receiver had duly qualified, by making and filing such bond, duly approved, and was in the full discharge of his duties. But no facts or circumstances were stated in the affidavit from which the inference could be fairly drawn that the managing clerk had any personal knowledge of the facts, which he averred, not upon information and belief, but as of his own knowledge. The affidavit was made August 5, 1896, and he stated he was then the managing clerk in the office of Evarts & Moffat; but he did not state he occupied even that position at or prior to the time when the order appointing the receiver was made, June 22, 1896, at which time it appears by the order appointing the receiver that these same attorneys were attorneys for the plaintiff, Montgomery, in that action. It was not shown by the affidavit or order that these attorneys were ever the attorneys for the receiver, except for the purpose of this motion alone; and the managing clerk nowhere stated that he had any knowledge as to the giving, filing, or approval of the bond. Within the rule lately laid down by us in Hoormann v. Cycle Co (decided at the present term of the court) 41 N. Y. Supp. 710, this affidavit was insufficient to establish the fact averred by the managing clerk, that the receiver had duly qualified, and had become invested with an interest in the defendant's property attached. The rule laid down in Hoormann v. Cycle Co., above, was that:

"The averment of facts in an affidavit for an attachment, or upon personal knowledge, is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers."

This objection to the affidavit of the managing clerk is, as has been suggested, technical; but the whole basis of the motion is technical, and, when the moving party seeks to attack the attachment for technical defects in the affidavit on which it was granted, he must see to it that his own affidavit is free from such technical de-

fects.    We think the motion to vacate the attachment was improperly granted, for the reasons hereinbefore stated, and that so much of the order as grants the motion to vacate the attachment should be reversed, and the motion to vacate the attachment denied; and the order, so far as it denies the plaintiff's motion to amend, should be affirmed.

No costs of this appeal or in the court below to either party.    All concur.