## THE MANUFACTURERS' NATIONAL BANK, Respondent, v. DUDLEY HALL and Another, Defendants.

## THE EPPENS, SMITH & WIEMANN COMPANY (Limited), Junior Attaching Creditor, Appellant.

*Attachment — what affidavit therefor that no counter-claim exists is sufficient.*

An attachment was obtained in the State of New York by a foreign corporation based upon information furnished by its attorney in another State, to its attorney in the State of New York, who was the affiant, and it clearly appeared that neither attorney had any personal knowledge whether any counter-claims existed against the plaintiff and in favor of the defendants.

*Held*, that no compliance with the requirements of the Code of Civil Procedure, section 636, subdivision 1, was shown.

Where the papers of a subsequent lienor by attachment are defective, he cannot successfully attack the prior attachment.

An affidavit made by the president of a corporation, which complies in form with the requirements of subdivision 1 of section 636 of the Code of Civil Procedure, is sufficient to sustain an attachment, provided that it shows that he was such president at the time that the transaction, out of which the claim arose, took place.

APPEAL by the Eppens, Smith & Wiemann Company (Limited), which claimed to have acquired a lien upon or interest in the property of the defendants Dudley Hall and another after it was attached in the above-entitled action, from an order entered in the clerk's office of the county of New York on the 19th day of May, 1891, denying its motion to vacate a warrant of attachment granted in this action upon the application of the plaintiff therein on the 10th day of March, 1891.

*Joseph Kunzman*, for the appellant.

*George M. Pinney*, for the respondent.

Van Brunt, P. J.:

The attachment of the plaintiff was obtained against the defendants, upon the ground that they were non-residents, and was founded upon the affidavit of one George M. Pinney, Jr., who stated that he was the attorney for the plaintiff in this action; that

it was a foreign corporation, located in Massachusetts, and that the action was brought to recover the amount of a certain promissory note of $5,000 which was due and unpaid, and that said sum was due from the defendants to the plaintiff over and above all counter-claims known to the plaintiff.

The affiant further stated that he had made the statements in the affidavit upon information received by him contained in two telegrams, which were annexed to his affidavit. That they were received from one William A. Gaston, who was an attorney and counselor-at-law and a member of a firm doing business at Boston, Mass.

The first telegram was as follows:

"Has Dudley Hall and Company, one fifty-two Front street, a stock of goods, and can you get an attachment on it if we send on their note. We fear they may assign here. Answer. I will send particulars. WM. A. GASTON."

The second telegram was as follows:

"Assignment made here. Attach debtor's property at one ninety-two Cherry street, New York, public warehouse, on note overdue, five thousand dollars, owned by Manufacturers' National Bank. Debtors are Dudley Hall and Dudley C. Hall, both of Medford. Will write to-night. "WM. A. GASTON."

It is perfectly apparent that neither Gaston, the author of these telegrams, nor the attorney who made this affidavit, had any knowledge whatever as to whether there were any counter-claims existing in favor of the defendants against the plaintiff.

Unless the requirements of the Code are to be treated as a farce, it is quite clear, where it is apparent that the parties have no personal knowledge of the transaction, that such an affidavit coming from such a source, simply because the affiant swears to the fact, does not authorize the court to act upon the affidavit. And if this were the only question involved in the appeal there, would be no difficulty as to its disposition.

But it is urged upon the part of the plaintiff that if the plaintiff's papers are bad, the appellants are in an equally unfortunate condition. The affidavit upon which their attachment was obtained was

made by Mr. John F. Pupke, who swears that he is the president of the plaintiff, a corporation organized under the laws of the State of New Jersey, the affidavit being made on the 10th of March, 1891. It then alleges the sale of goods in February, 1891, by the plaintiff to the defendants, which were to be paid for in cash; that no part thereof has been paid, and that the plaintiff is entitled to recover the amount thereof, over and above all counter-claims known to the deponent or to the plaintiff.

The affiant nowhere states that he had any knowledge of the financial affairs of the appellant corporation, or that he had any connection with its active business, or that he ever saw its books or accounts, or that he had any such relation to the business of the corporation as would justify the inference of knowledge as to its pecuniary affairs. We do not know, even from the papers, as to whether he was connected with the company at the time of the transactions alleged in the affidavit. As was said in the case of *Buhl* v. *Ball* (41 Hun, 64), this is a summary provisional remedy to take from a debtor the custody of property, and to support the remedy the provisions of the statute must be substantially complied with — referring to the provision that it must be shown by affidavit, to the satisfaction of the judge granting the attachment, that the plaintiff is entitled to recover the sum stated therein, over and above all counter-claims known to him. Such facts must be presented to the court that they can see, from the necessary connection of the affiant with the business of the corporation applying for the attachment, that he is likely to know whereof he is making a verification. In the case of the cashier of a bank it has been held that because of his position he is presumed to be acquainted with the financial affairs of the corporation of which he is an officer. But in the case of a trading corporation, with nothing to show what the duties of the president are or that he has any knowledge whatever of the fiscal affairs of the corporation or of its business transactions, we think the court cannot assume, simply from the fact of his being the president, that he has any personal knowledge in respect to the transaction whereof he is speaking; and if he has no personal knowledge, then the rule is clear that he must set out the sources of his information, so that the court may see whether his belief is justified.

Upon the whole case, therefore, we are of the opinion that the order appealed from should be affirmed, with ten dollars costs and disbursements.

BARRETT, J.:

I concur unreservedly with the presiding justice as to the first attachment. As to the junior attachment, however, I am unable to concur in the views expressed with regard to the affidavit of Mr. Pupke, the president of the company. I think that. the affidavit of the president of a corporation, wherein he swears positively to the sale and delivery of goods by the corporation to a defendant, is sufficient *prima facie* to warrant the granting of an attachment. It imports personal knowledge of the facts sworn to, there being no intimation in the affidavit that it is based upon any element of information, and the president's position, as the chief executive officer of the company, certainly justifies the inference that when he swears positively with regard to a corporate transaction he speaks of his own personal knowledge. I concur in the result, however, for the reason that Mr. Pupke does not state that he was president of the company at the time the goods in question were sold. I agree that a person who was not president at the time of the corporate transaction presumptively speaks of it upon information, and that the presumption of personal knowledge only arises when he swears positively to a corporate transaction, occurring at a time when he makes it clear that he was president.

PATTERSON, J.

I also agree with the presiding justice respecting the first attachment, but I do not concur in what is said in his opinion respecting the subsequent one, so far as it relates to the competency of an officer of the corporation to make the affidavit.

In that respect, I am in accord with the views expressed by Mr. Justice BARRETT. But the affidavit of Mr. Pupke is defective and insufficient in substance, in that it does not state his relation to the corporation at the time the goods were sold, and I, therefore, agree that the order must be affirmed.

Order affirmed, with ten dollars costs and disbursements.