### DAYTON v. McELWEE MANUF'G CO., (two cases.)

*(Supreme Court, General Term, First Department. May 13, 1892.)*

ATTACHMENT—MOTION TO VACATE.

    A junior attaching creditor, who seeks to destroy the lien of a prior attachment because of jurisdictional defects, is bound to an affirmative showing that the papers upon which his own attachment was granted were sufficient to confer jurisdiction, and that such attachment was actually levied on the property covered by the prior attachment, since it is only on these facts that he shows himself "a person who has acquired a lien upon or interest in the defendant's property," and who is therefore entitled under Code Civil Proc. § 682, to apply for the vacation of the attachment. *Tim* v. *Smith*, 93 N. Y. 87, followed.

Appeal from special term, New York county.

Two actions by Henry W. Dayton against the McElwee Manufacturing Company. From orders denying motions to vacate attachment issued against defendant's property, the Northern National Bank of Big Rapids, Mich., and La Flora S. Baker, subsequent attaching creditors, appeal. Affirmed.

Argued before VAN BRUNT, P. J., and O'BRIEN and BARRETT, JJ.

*T. W. Foster,* for appellants. *Kneeland, Stewart & Epstein,* for respondent.

PER CURIAM. We agree with the special term that there is no substantial distinction between these cases and that of *Tim* v. *Smith*, 3 Civil Proc. R. 347. In the latter case a copy of the warrant of attachment was not appended to the papers, but the attorney made an affidavit with regard to its existence. Here the attorney has made a similar affidavit, and has in addition furnished a copy of the warrant. But the court held, in the case cited, that the junior attaching creditor was bound, when he moved to vacate the prior attachment, to show that his warrant was granted upon papers sufficient to confer jurisdiction; in other words, that both parties should, on the motion to vacate, occupy the same position with regard to the papers upon which their warrants were respectively granted, and that the attacking party should disclose his own position as well as that of his adversary. This case of *Tim* v. *Smith* was affirmed by the court of appeals, (93 N. Y. 87,) and it has since been repeatedly followed. We think that the present motions come within the principle there enunciated. A junior attaching creditor, who seeks to destroy the lien of a prior attachment, because of jurisdictional defects, should come into court upon papers showing that every step in his own procedure was sufficient to confer jurisdiction. He should therefore present the papers upon which his attachment was granted, and prove that such attachment was actually levied upon the property covered by the prior attachment. It is only when these facts are made to appear that he shows himself to be "a person who has acquired a lien upon or interest in the defendant's property," within the meaning of section 682 of the Code of Civil Procedure.[1] What is there meant is, of course, a valid lien, *i. e.,* a lien resulting from the existence of all the necessary jurisdictional facts. Upon both principle and authority, it is reasonable to require the moving party to present such jurisdictional facts as a prerequisite to his attack upon the prior attachment. The plaintiff in the prior attachment should not be called upon to look up the papers upon which the junior attachment was granted, and to present them in opposition

---

[1] This section provides that defendant in attachment, or a person who has acquired a lien upon or interest in his property, after it is attached, may apply to vacate or modify the attachment, if the application be within a certain time.

to the motion to vacate, for the reason that he makes no affirmative attack upon such junior attachment. He merely defends himself against it, and he should therefore have the opportunity of showing its inherent weakness upon the face of his adversary's motion papers.

The order should be affirmed, with costs.