BARSTOW STOVE COMPANY, Appellant, *v.* ALBERT M. DARLING, as Administrator, etc., of SADIE WILMERDING, Deceased, Respondent.

*Attachment — sufficiency of an affidavit by an officer of a corporation, which does not allege that he was such at the time in question.*

An affidavit to procure a warrant of attachment, made by an officer of a corporation, is not necessarily defective because it omits to allege that the affiant was such officer at the time the indebtedness in question was incurred. The positive assertion by the affiant of personal knowledge of all the facts essential to the statement of a cause of action coupled with his statement that he is the manager and agent of the corporation having general charge and management of its business within the State, is sufficient to support a warrant of attachment issued thereon.

APPEAL by the plaintiff, the Barstow Stove Company, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 16th day of September, 1891, vacating a warrant of attachment obtained by the plaintiff in the action.

*George H. Pettit,* for the appellant.

*Timothy M. Griffing,* for the respondent.

PARKER, J.:
The decision of this court in *Manufacturers' National Bank* v. *Hall* (60 Hun, 466) does not support the order appealed from, which vacates a warrant of attachment.

It was not held in that case that an affidavit by an officer of a corporation is necessarily defective because it omits to allege that the affiant was such officer at the time the indebtedness alleged was incurred.

The defects in the affidavit in that case were pointed out in the prevailing opinion as follows : " The affiant nowhere states that he had any knowledge of the financial affairs of the appellant corporation, or that he had any connection with its active business, or that he ever saw its books or accounts, or that he had any such relation to the business of the corporation as would justify the inference of knowledge as to its pecuniary affairs." " We do not know even from the papers as to whether he was connected with the company at the time of the transactions alleged in the affidavit."

In this case it not only appears affirmatively that the affiant had knowledge of the financial affairs of the corporation in this State where the cause of action arose, but the inference is justified that he was such officer at the time the defendant became indebted to the plaintiff. The affidavit asserts that deponent " is the manager and agent of the Barstow Stove Company, the plaintiff in the above-entitled action, in the State of New York, and has the general charge and management of the business of said plaintiff carried on within said State." And after stating positively how the indebtedness arose and when, the amount of the original indebtedness and the sum remaining due and unpaid at the time of the commencement of the action, the affidavit continues : " That plaintiff is justly entitled to recover of the said defendant the said sum of two hundred and seventy-four dollars and sixteen cents, with interest thereon from June 5th, 1891, over and above all set-offs and counterclaims, and deponent *knows personally* that there are no set-offs or counterclaims existing in favor of the said defendant to the said indebtedness."

But if the inference is not required that he was the agent and manager of the corporation at the time of the transactions described, still the positive assertion of personal knowledge of all the facts essential to the statement of a cause of action, considered with the statement of his official connection with the plaintiff, was sufficient to support the warrant of attachment issued. (*Essex County Bank* v. *Johnson*, 16 N. Y. Supp. 71.)

The order should be reversed, with ten dollars costs and printing disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., and O'BRIEN, J., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.