AUGUST BELMONT, Appellant, *v.* SIGUA IRON COMPANY, Defendant. LOGAN M. BULLITT, as Ancillary Receiver of THE SIGUA IRON COMPANY, Respondent.

*Attachment — an affidavit stating conclusions only, without facts showing the affiant's knowledge, is insufficient as the basis of a motion to vacate.*

Until the receiver of a corporation has filed the bond, required by the order appointing him as a condition of his acting as such, he is not in a position to move to vacate an attachment upon the property of the corporation. On a motion by the receiver of a corporation to vacate an attachment upon its property, the affidavit of the managing clerk of attorneys, employed by the receiver only for the purposes of such application, stating that the receiver had duly qualified by making and filing the bond, duly approved, required by the order appointing him as a condition of his entering upon the duties of his office, but averring no facts or circumstances from which the inference could be drawn that the managing clerk had any personal knowledge of the facts which he thus stated, is insufficient.

APPEAL by the plaintiff, August Belmont, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 1st day of September, 1896, denying his motion to amend the papers on which an attachment was granted, and vacating the said attachment.

*Chas. Stewart Davison,* for the appellant.

*R. Burnham Moffat,* for the respondent.

WILLIAMS, J. :

It does not seem to be necessary to pass upon the questions whether the papers were originally sufficient to authorize the issue of the attachment, or whether the papers should have been amended as desired. We are clearly of the opinion that the moving party was not entitled, upon his papers presented upon the motions, to attack the attachment for any defects in the papers upon which the same was granted.

The defendant appears to have been a foreign corporation, organized under the laws of the State of West Virginia, and the respondent claims to be a receiver of the property of such corporation in the State of New York. The attachment was granted on the 5th of June, 1894. It is claimed in behalf of the moving party that the respondent was appointed such receiver June 22, 1896, by the Supreme Court of this State, in a suit wherein one Montgomery was plaintiff and the corporation was defendant, such appointment being made ancillary to and in support of his appointment as receiver of the corporation, by the Circuit Court of the United States for the Eastern District of Pennsylvania, on the 9th of February, 1894, in an action between the same parties; that the respondent thereafter, and before the making of the motion to vacate the attachment, duly qualified by giving his bond, duly approved by the court; that no application of any attached property, or the proceeds thereof, to the payment of any judgment had been made, and that no judgment had been entered when the motion to vacate the attachment was made. The evidence of these facts presented to the court as a basis for the motion to vacate the attachment was contained in the affidavit of the managing clerk in the office of Evarts & Moffat, attorneys for the receiver, for the purpose of this motion only. It is provided by the Code of Civil Procedure (§ 682) that " the defendant or a person who has acquired a lien upon, or interest in his property, *after* it was attached, may, at any time before the actual application of the attached property, or the proceeds thereof, to the payment of a judgment recovered in the action, apply to vacate or modify the warrant," etc.

In order to have the relief afforded by the Code, vacating the attachment, the moving party must show by competent evidence, he not being the defendant itself, that he acquired a lien upon or interest in the defendant's property after it was attached.  In this case the moving party was required, at least, to show that he was duly appointed receiver of the property of the corporation, and thus acquired a lien on or interest therein after the levy of plaintiff's attachment.  This he did not do.  Applying the same rules to the affidavit of the managing clerk which are applied to the affidavit upon which an attachment may be issued (as we must do under the principle laid down in *Ladenburg* v. *Commercial Bank* (148 N. Y. 203), the affidavit in support of the motion will be found to be entirely inadequate and insufficient.  In the *Ladenburg* case (above referred to) the affidavit of the moving party held to be defective was that upon which the junior attachment was granted, and it was held that, by reason of such defect, the junior attachment was granted without jurisdiction and gave the moving party no lien. The court said: "But assuming that the evidence of the cable information did not support the essential facts of presentment and protest of the bills so as to justify the issuing of the (plaintiff's) attachment, nevertheless the respondent cannot assail it unless it has a standing by reason of a valid attachment in its favor.  It should be held to a strict construction of its own procedure, when it seeks on technical grounds to set aside the attachment of the plaintiffs upon an objection which the defendant in the action does not interpose, in order to gain priority of lien.  *  *  *  The junior attaching creditor should not be permitted to have the prior attachment set aside upon an objection to which his own proceedings were fairly subject."

The same principle should be applied here to the attempted proof of a subsequent lien upon or interest in the defendant's property, where the moving party seeks to attack the validity of the lien of the plaintiff's attachment.  The order appointing the receiver here was presented, by sworn copy, on the motion, but it was provided by the order that the receiver should not enter upon the discharge of his duties as such until he had made and filed with the clerk of the court the bond therein provided for, duly approved by a justice of the court. Until he did this, certainly, he was vested with no interest in the

property of the defendant, and was in no position to assert such interest or to make the motion to vacate the plaintiff's attachment. In his affidavit, the managing clerk of the attorneys for the receiver on this motion swore to the fact, the conclusion, that the receiver had duly qualified by making and filing such bond, duly approved, and was in the full discharge of his duties. But no facts or circumstances were stated in the affidavit from which the inference could be fairly drawn that the managing clerk had any personal knowledge of the facts which he averred, not upon information and belief, but as of his own knowledge. The affidavit was made August 5, 1896, and he stated he was then the managing clerk in the office of Evarts & Moffat, but he did not state that he occupied even that position at or prior to the time when the order appointing the receiver was made, viz., June 22, 1896, at which time it appears, by the order appointing the receiver, that these same attorneys were attorneys for the plaintiff Montgomery in that action. It was not shown by the affidavit or order that these attorneys were ever the attorneys for the receiver, except for the purpose of this motion alone, and the managing clerk nowhere stated that he had any knowledge as to the giving, filing or approval of the bond. Within the rule lately laid down by us, in *Hoorman* v. *Climax Cycle Co.* (decided at the November term of the court, 9 App. Div. 579), this affidavit was insufficient to establish the fact averred by the managing clerk, that the receiver had duly qualified and had become invested with an interest in the defendant's property attached. The rule laid down in *Hoorman* v. *Climax Cycle Co.* (*supra*) was that, "the mere averment of facts as upon personal knowledge in an affidavit made to procure an attachment is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers." This objection to the affidavit of the managing clerk is, as has been suggested, technical; but the whole basis of the motion is technical; and when the moving party seeks to attack the attachment for technical defects in the affidavit on which it was granted, he must see to it that his own affidavit is free from such technical defects. We think the motion to vacate the attachment was improperly granted for the reasons hereinbefore stated, and that so much of the order as grants the motion to vacate the attachment should be reversed

and the motion to vacate the attachment denied, and the order, so far as it denies the plaintiff's motion to amend, should be affirmed. No costs of this appeal or in the court below to either party.

Van Brunt, P. J., Barrett, Patterson and O'Brien, JJ., concurred.

So much of the order as grants motion to vacate attachment reversed and motion to vacate attachment denied, and order, so far as it denies plaintiff's motion to amend, affirmed. No costs of appeal or in the court below to either party.