(20 Misc. Rep. 94.)

## HERMAN v. BAILEY et al.

(Supreme Court, Appellate Term. April 26, 1897.)

1. **ATTACHMENT—AFFIDAVIT—DEFECTS CURED.**
   An insufficient allegation of defendant's nonresidence is cured by an affidavit showing that fact, read by defendant on a motion to vacate the attachment.
2. **SAME—ADDITIONAL AFFIDAVITS.**
   An insufficient averment in plaintiff's affidavit as to nonresidence of defendant may be supplied by additional affidavits, where defendant moves on affidavits to vacate the attachment; Code Civ. Proc. § 683, providing that on such motion plaintiff may give new proof of affidavit "tending to sustain any ground for the attachment recited in the warrant."
3. **SAME—MOTION TO VACATE PROPERTY NOT SUBJECT TO ATTACHMENT.**
   A motion to vacate an attachment cannot be sustained by proof that the property levied on was not subject to attachment.
4. **SAME—MISTAKE AS TO NAME OF PARTY.**
   There is no misjoinder of parties because of a mistake as to the given name of one of the defendants, the real defendant having been served with summons; but such mistake may be cured by amendment at any time.

Appeal from city court of New York, general term.

Action by Morris Herman against Henry J. Bailey and Eugene E. Brown. From an affirmance of an order denying a motion to vacate an attachment issued against the property of defendants (43 N. Y. Supp. 1155), defendants appeal. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

Charles A. Brodek, for appellants.

Blumensteil & Hirsch, for respondent.

DALY, P. J. The attachment was granted upon the affidavit of the plaintiff stating that the defendants were nonresidents of the state of New York, and resided at Davisville, R. I. That statement is not made on information and belief, and as the plaintiff is the assignee of the cause of action, and as it does not appear that he had any personal dealings with defendants, no presumption arises that he had personal knowledge of the fact alleged. The affidavit of non-

residence would seem, therefore, under late authorities, to be insufficient, and, if the defendants had attacked the attachment upon the papers on which it was granted alone, they would undoubtedly have prevailed. Hoorman v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710; Belmont v. Iron Co., 12 App. Div. 441, 42 N. Y. Supp. 122; Einstein v. Cycle Co., 18 Misc. Rep. 88, 41 N. Y. Supp. 837. But the motion to vacate the attachment was made not only upon the papers upon which it was granted, but upon affidavits on the part of the defendants. These latter set up facts tending to show (1) that the attachment had not been levied upon property which was the subject of attachment, (2) that the cause of action sued upon had not accrued by reason of an unexpired term of credit, (3) and that part of the goods claimed for had been returned and accepted. There was no denial of the allegation of nonresidence of the defendants; on the contrary, all the affidavits of the defendants were made in Rhode Island, —a fact which supports an inference that defendants resided there. The plaintiff opposed the motion to vacate the attachment with new affidavits, one of which was made by Elisha J. Campbell, a son of the plaintiff's assignor, who states that the place of business of the defendants' firm was Davisville, R. I.; and by production of written admissions of service of the defendant Henry J. Bailey and his partner, Walter S. Brown, both of which were acknowledged before a notary public in the state of Rhode Island; and by the production of the defendants' answer in this action, verified by their attorney, in which he states that the reason why the verification is not made by the defendants is that they are nonresidents of the state of New York. It thus appeared that defendants, by their motion attacking plaintiff's affidavit for insufficiency, themselves supplied proofs which tended to support its allegations. The court was also bound to receive the additional proofs which plaintiff produced in support of his attachment. Defendants having moved to vacate on affidavits, plaintiff had the right to oppose it by new proof by affidavit "tending to sustain any ground for the attachment, recited in the warrant." Code, § 683. The court could not, upon the motion, disregard these affidavits, and adjudge the plaintiff's attachment untenable for want of proofs which were then properly before it as a part of the motion which was under advisement. The court properly refused to vacate the attachment for want of sufficient proof of the nonresidence of the defendants. This being a motion to vacate the attachments, not to set aside the levy upon particular property, it cannot be sustained by proof that the property levied upon was not subject to attachment. The objection, therefore, that the claim upon fire insurance policies belonging to defendants had not matured because proof of loss had not been filed, and were, therefore, not subject to levy (Douglas v. Insurance Co. [Sup.] 18 N. Y. Supp. 259), does not affect the issue of the warrant. The right to sustain it depends upon the papers upon which it was granted, not upon the manner in which it was executed.

It is objected by defendants that, being sued as co-partners in a firm carrying on business as the Kingston Woolen Mills, the nonjoinder of one of the co-partners and the misjoinder of a stranger as defendants vitiates the attachment. The facts, however, do not pre-

sent such a case; the proof showing that the defendant Henry J. Bailey and one Walter S. Brown are the co-partners indebted to the plaintiff, and that the name of Eugene E. Brown is a mistake. Walter S. Brown was served with the summons, and is simply sued by a wrong name. It only requires an amendment of the process and proceedings to set this matter right, and such amendment can be made at any time. Tasker v. Wallace, 6 Daly, 364. See cases cited in 1 Stover's Code (1892) p. 724. There is a person named Eugene D. Brown, but he is not a partner in the firm sued, and is the father of Walter S. Brown, the actual co-partner, who was served with the summons. There is no person, apparently, named Eugene E. Brown. Whether Walter S. Brown, the actual co-partner, was served or not, the mistake in the name, being amendable, does not vitiate the attachment. This is not the case of one firm being sued for a debt of another.

The objection that the plaintiff has no cause of action because the goods sued for were sold upon a credit which has not expired has been disposed of by the city court as a question of fact upon conflicting affidavits, and the evidence is ample to sustain a finding that the sale was for cash. The same observation will apply to the defendants' contention that a counterclaim or set-off for goods returned exists in their favor. There is a conflict as to whether the return of a certain bill of goods was accepted by plaintiff so as to discharge the defendants, or whether they were received back for a specific purpose not affecting the sale or indebtedness. This dispute is resolved in plaintiff's favor by the city court, and, in view of the fact that no counterclaim or set-off is pleaded in the answer which has been interposed, we think that the city court properly disposed of the objection.

Order affirmed, with costs. All concur.