## CORN EXCHANGE BANK v. MARCKWALD.

(Supreme Court, Special Term, New York County. December 13, 1898.)

ATTACHMENT—NONRESIDENCE—AFFIDAVIT—SUFFICIENCY AGAINST OTHER CREDITORS.

> An affidavit for attachment because of nonresidence stated that affiant knew defendant personally, and that his knowledge of defendant's nonresidence was derived from letters and telegrams from him from a foreign country, and that dealings with him for the past year had been conducted through an attorney in fact. Another affidavit stated that affiant had been informed by defendant's former agent that defendant had been absent from the country for over a year past. Subsequently another creditor caused an attachment to issue against defendant on the ground that he was a resident, and had been absent from the state for six months, and moved to dissolve the first attachment, because defendant's nonresidence was not sufficiently shown. In the junior attachment proceedings the proof of defendant's residence was that the debtor had had a place of business in the city, and that a person said to be a clerk therein stated that defendant resided in the city; that some years ago he had been registered at a club as a resident member, but persons having a place of business in the city, and residing elsewhere, were generally admitted to clubs as resident members only. In a letter of credit issued some time since defendant caused himself to be described as a resident of New York, but a thorough search of his whereabouts for some time past disclosed no trace of his having been a resident of the city. *Held*, that the prior attachment would not be dissolved, since the proofs of defendant's residence, on which the junior attachment was granted, were as incomplete as those on which the attachment for nonresidence was granted.

Attachment proceedings by the Corn Exchange Bank against Marckwald. Heard on motion by a junior attaching creditor to dissolve the attachment. Denied.

Howard Van Senderen, for the motion.
Bowers & Sands, opposed.

DALY, J. Motion to vacate a senior attachment against property obtained on the ground of the debtor's nonresidence. The motion is made by a junior attaching creditor who obtained his warrant on the ground that the debtor is a resident who has been continuously without the United States for more than six months next before the granting of the order of publication against him, etc. Code Civ. Proc. § 636. The senior attachment is attacked on the ground that the affidavits on which it was granted do not support the allegation of nonresidence. The affidavit of the president of the Corn Exchange Bank, to procure the attachment, states that the debtor "resides now, and has for eighteen months last past resided, without the United States, and most of the time in France. The knowledge upon which I base said allegations is from telegrams and correspondence which I have had from the defendant at various dates, commencing on the 27th day of January, 1897; the said letters referred to being in the handwriting of said Marckwald, and whose handwriting I well know. I know personally the said Marckwald. I also attach the affidavit of William H. Sharpe, a clerk in the employ of this plaintiff, as to the nonresidence of the said defendant. All checks drawn for the last twelve months upon the account of Mr. Marckwald in this bank were

signed by Mr. Ridoux, and paid by the bank under instructions in writing by Mr. Marckwald to Mr. Ridoux, and under the written power of attorney filed with this bank." It has been held that "the mere averment of facts as upon personal knowledge, in an affidavit to procure an attachment, is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers." Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp. 710. The personal acquaintance of the president with the defendant, and correspondence between them, must be held to constitute, if anything ever can, "circumstances from which the inference of knowledge can fairly be drawn." The question of residence, however, is one to be determined upon facts, and the mere assertion of nonresidence is a conclusion. The affidavit of William H. Scharpe (called "Sharpe" in the foregoing affidavit) sets forth that he is a clerk in the employ of the bank, and personally demanded payment of the amounts due on the notes set forth in the complaint of Mr. Edward Ridoux, of 114 Franklin street, the cashier and agent of the defendant, and was informed by Ridoux that the defendant was in Paris, and had been absent from the United States for over a year past, and Ridoux declined to pay the said notes. If the papers upon which such attachment was granted are insufficient, the junior attaching creditor, who attacks them, is called upon to defend the sufficiency of the proofs upon which his own warrant was granted. He asserts that the debtor is a resident, but his proof of the fact is no better than the evidence of his adversary as to the debtor's nonresidence. Both assert the continued absence of the debtor from the state for over a year, but the moving party fails to show that the debtor ever had a home here, or hired apartments, or dwelt in an hotel, in this state, or what his intentions have ever been as to residence. He shows that the debtor had, up to a few months ago, a place of business in this city, but that would not constitute him a resident of this state for the purposes of section 636, if he resided in another state. Wallace & Sons v. Castle, 68 N. Y. 370. He shows a conversation with a person said to be a clerk in the debtor's place of business, who, in answer to an inquiry whether the debtor resided in New York City, replied, "Oh, yes, only he isn't here now." This is a mere conclusion, and hearsay besides. He shows that the debtor was registered in 1893 as a resident member of a club in New York City. The date is rather remote, and, with respect to the value of the fact as proof of residence, it is general knowledge that persons who have a permanent place of business in the city, but reside elsewhere, are in most clubs eligible only to resident membership. He shows that in a certain letter of credit issued about December, 1896, the debtor caused himself to be described as "of New York," but it is not shown that this referred to anything more than his keeping a place of business here, and that he desired to give it as his address. All of these circumstances are as consistent with residence of the debtor in another state or another country as in this city. It is a most significant fact that the affidavits are silent as to an actual abode of the debtor at any time in New York. A most thorough investigation appears to have been made by the junior attaching

creditor into his whereabouts and his doings. for years past, and yet no statement is to be found of actual residence in this city at any address. It is to be presumed that no proof of that kind could be obtained, and the inference is strong that the assertion of residence here is not susceptible of proof.

Motion to vacate attachment denied, with $10 costs.