(30 Misc. Rep. 637.)

### E. & H. T. ANTHONY & CO. v. FOX.

(Supreme Court, Special Term, New York County.   March, 1900.)

ATTACHMENT—AFFIDAVIT BY OFFICER OF CORPORATION.

   An affidavit for an attachment, in favor of a corporation, in an action for goods sold more than a year preceding the action, in which affiant states that he is secretary and treasurer of the plaintiff, and that all of the material allegations of the complaint are true, of deponent's personal knowledge, is insufficient, in that it does not state that affiant was an officer of, or in any way connected with, the corporation at the time the goods were sold, or that he had any personal knowledge of the transactions to which he refers, at the time of their occurrence.

Action by E. & H. T. Anthony & Co. against Ivan Fox, by attachment, for goods sold and delivered.   Defendant moved to vacate the attachment.   Motion granted.

Reid, Esselstyn & Ketcham, for plaintiff.
Wilson Lee Cannon, Jr., for defendant.

BEEKMAN, J.   This is a motion to vacate an attachment, upon the papers on which it was granted, on the ground of the insufficiency of the affidavits.   The plaintiff is a domestic corporation.   The prin-

cipal affidavit is made by Frederick A. Anthony, who swears that "he is the secretary and treasurer of E. & H. T. Anthony & Co., the plaintiff in the above-entitled action." He also swears that the plaintiff is entitled to recover from the defendant the amount for the recovery of which the action is brought, "over and above all counterclaims known to said plaintiff or to this deponent." He further sets forth that between August 14, 1899, and October 4, 1899, both dates inclusive, the plaintiff, at the special instance and request of the defendant, sold and delivered to said defendant, in the city of New York, certain goods, wares, and merchandise, which were reasonably worth, and for which the defendant promised to pay, the sum of $424.63, no part of which has been paid. The affidavit then proceeds to state, on information and belief, that the defendant is a nonresident of the state, and, for the sources of his information in that regard, the affiant refers to certain affidavits made by others upon the subject. The objection to the papers rests upon the absence of any proof that the affiant was an officer of, or in any way connected with, the corporation at the time of the sale and delivery of said goods, or that he had any actual personal knowledge of the transactions to which he refers, at the time of their occurrence. In the case of Bank v. Hall, 60 Hun, 466, 15 N. Y. Supp. 208, the facts were quite similar to those in the case at bar. In that case the affidavit upon which the attachment was obtained was made by one Pupke, "who swears that he is the president of the plaintiff, a corporation organized under the laws of the state of New Jersey." The affidavit was made on the 10th day of March, 1891, and alleged the sale of goods in February, 1891. It also contained the usual averment that the plaintiff is entitled to recover the amount claimed, over and above all counterclaims known to the deponent or to the plaintiff. The attachment was held to be bad on the ground that Mr. Pupke did not state that he was president of the company at the time the goods in question were sold. Mr. Justice Barrett says (page 469, 60 Hun, and page 210, 15 N. Y. Supp.):

"I agree that a person who was not president at the time of the corporate transaction presumptively speaks of it upon information, and that the presumption of personal knowledge only arises when he swears positively to a corporate transaction occurring at a time when he makes it clear that he was president."

Mr. Justice Patterson also took the same view; stating that he was in accord with the views expressed by Mr. Justice Barrett, and that "the affidavit of Mr. Pupke is defective and insufficient in substance, in that it does not state his relation to the corporation at the time the goods were sold." In the case of Stove Co. v. Darling, 81 Hun, 564, 30 N. Y. Supp. 1033, the general term in this department seems to have greatly weakened the force of the decision in the case first above cited; distinguishing it on the ground that "the positive assertion of personal knowledge of all the facts essential to the statement of a cause of action, considered with the statement of his official connection with the plaintiff, was sufficient to support the warrant of attachment issued." Since that decision, however, the cases of Hoormann v. Cycle Co., 9 App. Div. 579, 41 N. Y. Supp.

710, and Tucker v. E. L. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460, have been decided. In the Hoormann Case the affidavit was made by the plaintiff, who was the assignee of the claim in suit, and the averments with respect to the cause of action and other matters essential to support the attachment were made as upon personal knowledge; but no statement was made in the affidavit that the plaintiff had personal knowledge of those facts, and no circumstances were stated tending to show that he had any such personal knowledge. This defect was considered to be fatal to the attachment, the court saying (page 584, 9 App. Div., and page 713, 41 N. Y. Supp.):

"We think the better and safer rule is the one heretofore uniformly adhered to in this department, viz. that the mere averment of facts as upon personal knowledge is not sufficient, unless circumstances are stated from which the inference can fairly be drawn that the affiant has personal knowledge of the facts which he avers."

In the Tucker Case the affidavit was also made by an assignee of the claim in suit. He swore that all the facts stated in his complaint were true, of his own knowledge. This was held to be insufficient. At page 91, 14 App. Div., and page 462, 43 N. Y. Supp., the court says:

"The court has repeatedly held that, to entitle a plaintiff to this severe and summary remedy, he must show the proper facts by affidavit; that is, he must furnish satisfactory proof of such facts. Where the affiant, owing to his relation to the parties and to the cause of action, plainly speaks as an actor in the transaction, the court frequently treats his verified averments of facts which may naturally have come within his actual observation or personal action as satisfactory proof thereof, as in Ladenburg v. Bank, 5 App. Div. 220, 39 N. Y. Supp. 119. Where, however, he does not speak as such a direct actor,—where, in fact, he speaks apparently as a stranger to the transaction, it matters not how positively he so speaks, how firmly he asserts his personal knowledge of the facts averred,—he must still furnish the evidence of such facts. Under such circumstances, his verified allegation 'shows' nothing 'by affidavit.' He simply pleads the facts. He pleads them positively, it is true, and upon personal knowledge. But he does not prove them. And a person standing as he does in relation to the cause of action must prove them."

In the case at bar the record before me shows that the complaint, as well as the affidavits above referred to, was before the justice who granted the attachment at the time that the same was issued. The complaint is verified by Mr. Anthony, who swears that he is an officer of the corporation, namely, its secretary and treasurer, "and that all the material allegations of said complaint are true, of deponent's personal knowledge." The plaintiff largely relies upon this statement to support the attachment. Under the decisions of the appellate division, however, to which I have referred, such an averment does not seem to be sufficient. We have, then, a case where there is no proof whatsoever that, at the time the transaction took place upon which the plaintiff's cause of action rests, the affiant had any connection whatsoever with the company; nor does it seem possible to infer the existence of any such relation at any prior time from the mere averment that at the time the affidavit was made such a relation did exist. I am unable to discover any

reason which would justify the court in distinguishing such a case as this from one where the affidavit is made by the assignee of the claim. In either case the mere assertion of knowledge of the facts is not sufficient to justify an inference that such knowledge existed, unless it also appears that the affiant was in some way either an actor in the transaction, or was at the time it took place connected with it in such a way as reasonably to import the existence of personal knowledge. I am thus reluctantly led to the conclusion that, upon authority, this attachment cannot stand. The motion to vacate it must therefore be granted.

Motion granted, with $10 costs.