(31 Misc. Rep. 14.)

### FOSTER v. ROGERS.

(Supreme Court, Special Term, New York County.   March, 1900.)

1. ATTACHMENT—AFFIDAVITS—CAUSE OF ACTION—ALLEGATIONS.
   An attachment affidavit on personal knowledge that defendant, for value, made and delivered his note, whereby he promised to pay a given sum on a certain day; that the payees indorsed the note to plaintiff, who purchased the same, and that he is now the owner and holder thereof; and alleging nonpayment, etc.,—sufficiently alleges a cause of action, without a statement of the means of plaintiff's knowledge of the facts, with the grounds of his information and belief, though plaintiff was not a direct actor in the giving of the note, since all the facts were within his knowledge, or appeared on the face thereof.

2. SAME—NONRESIDENCE—AFFIDAVIT—ALLEGATION.
   An allegation in an affidavit on personal knowledge that plaintiff knows the defendant, that he is a nonresident, and resides in a certain town in an adjoining state, is sufficient to base the inference of satisfactory knowledge of nonresidence, though plaintiff was a stranger to the original transaction out of which the action arose.

Action by James R. Foster against Nathaniel P. Rogers.   Motion to vacate an attachment for insufficiency of plaintiff's affidavit. Denied.

Stern & Rushmore, for plaintiff.
Kenneson, Crain & Alling, for defendant.

LEVENTRITT, J.   This is a motion to vacate an attachment for insufficiency of the papers on which it was granted.   The single affidavit is made by the plaintiff, who swears: "I know the defendant in this action, and I am personally familiar with all the transactions hereafter set forth, and make the statements herein contained of my own personal knowledge."   The cause of action is then stated,

and is, in substance, that on the 18th day of December, 1899, the defendant, for value received, made and delivered his certain promissory note in writing, whereby he promised to pay to the order of the firm of Payson, Foster & Co., 30 days after date, the sum of $1,500, at the Produce Exchange Bank in the city of New York; that, before maturity, the plaintiff purchased the note from the payees, who indorsed it over to him, and that he thereupon became, and now is, its owner and holder. After sufficiently alleging nonpayment, and the nonexistence of counterclaims, the affidavit continues: "The defendant is not a resident of the state of New York, but resides at Plainfield, in the state of New Jersey." The chief defect urged against the sufficiency of the papers is that on the face of the affidavit the plaintiff is an apparent stranger to the facts and circumstances under which the note was given, and that, inasmuch as he had no connection with the transactions out of which the cause of action arose, his allegation of personal knowledge is insufficient, and that he should have stated the means of his knowledge of the facts with the grounds of his information and belief. This objection is laid both to the averment of the cause of action and to the ground of attachment. I do not regard it tenable as to either. First, as to the cause of action. It is well settled that not merely because the affiant states facts positively, or as of personal knowledge, is there proof "to the satisfaction of the judge" of the existence of those facts. Tucker v. E. L. Goodsell Co., 14 App. Div. 89, 43 N. Y. Supp. 460. Where the affiant did not himself participate in the transaction which is the subject of his averments, there must be something to show that he actually did have knowledge; otherwise, the averments are, in effect, merely upon information and belief, and the mind of the judge must then be satisfied as to the reliability and sufficiency of the sources whence the statement of the cause of action is drawn. No matter how emphatic the assertion of knowledge, the test always is, could the affiant, on the papers submitted, have had knowledge? This, I take it, is the sense of the rule laid down in Crowns v. Vail, 51 Hun, 204, 206, 4 N. Y. Supp. 324, and often reiterated in this department, that "statements in affidavits will be presumed to have been made on personal knowledge, unless stated to have been on information and belief, and unless it appears affirmatively and by fair inference that they could not have been made on such knowledge." This is but a restatement of the rule, always recognized, that no implication of personal knowledge arises from an unqualified allegation of facts. Hoormann v. Cycle Co., 9 App. Div. 580, 583, 41 N. Y. Supp. 710. Accordingly, where an assignee of a claim for goods sold and delivered swore positively to the facts of the original transaction in which he was not an actor, and there was no hint of his means of knowledge, nor any circumstances from which such knowledge could be inferred, the affidavit was held insufficient. Einstein v. Same, 18 Misc. Rep. 88, 41 N. Y. Supp. 837, affirmed in 13 App. Div. 624, 42 N. Y. Supp. 1124. On a similar assigned claim on an open account it was held that one not a direct actor in the transaction, but apparently a stranger to it, cannot hide behind positive statements of personal knowledge, but must

prove the necessary facts. Tucker v. E. L. Goodsell Co., supra. To the same effect are Shuler v. Manufacturing Co., 17 App. Div. 228, 45 N. Y. Supp. 725; Wallace v. Baring, 21 App. Div. 477, 48 N. Y. Supp. 692; Buhl v. Ball, 41 Hun, 61; E. & H. T. Anthony & Co. v. Fox, 30 Misc. Rep. 637, 64 N. Y. Supp. 273; Martin v. Plate Co., 44 App. Div. 412, 60 N. Y. Supp. 1010. Accepting these principles as settled law, I am, nevertheless, of the opinion that the plaintiff's affidavit is sufficient. Although he was not a direct actor in the original transaction, the nature of the action and the statements in the affidavit indicate that he could and did have personal knowledge. This suit is on a note now in the possession of the plaintiff. He being an innocent holder for value before maturity,—facts of which he can certainly assert knowledge,—and all the other essentials to the cause of action appearing on the face of the note which he holds, he can properly make all averments upon knowledge. This case, to my mind, is not distinguishable in principle from Ladenburg v. Bank, 5 App. Div. 219, 39 N. Y. Supp. 119. It was there held that the knowledge required by law in affidavits on attachment was not necessarily personal observation of the affiant, and that, if the instruments are in his possession, the assertion of knowledge is not unfounded, but is such as contemplated by the statute. "Upon the trial he would be required to produce the bills and notarial certificates, but to obtain his attachment he need not append them to his affidavit, any more than he need append them to his complaint. With the documents in his possession, he can properly depose upon knowledge and plead upon knowledge." Page 222, 5 App. Div., and page 120, 39 N. Y. Supp. See, also, Waterbury v. Waterbury, 76 Hun, 51, 27 N. Y. Supp. 1114. Now, as to the ground of attachment. So far as an allegation of nonresidence is concerned, the implication of knowledge in favor of an actor or participant is not necessarily greater than that of an apparent stranger to the transaction. By a parity of reasoning, however, there must be something in the affidavit beyond the bald assertion of nonresidence to relieve that allegation from the defect of being a mere conclusion. Conceding, on authority, this to be essential (Herman v. Bailey, 20 Misc. Rep. 94, 45 N. Y. Supp. 88; Bank v. Marckwald [Sup.] 57 N. Y. Supp. 458), although there is not wanting intimation to the contrary (Steel v. Raphael [Sup.] 13 N. Y. Supp. 664), it would seem that where the affiant swears, as in this case, to acquaintanceship with the defendant, there is sufficient allegation from which reasonably to draw the inference of satisfactory knowledge of nonresidence. The motion must be denied, with $10 costs.

Motion denied, with $10 costs.