CHARLES H. WARFIELD, Plaintiff, *v.* WIRE WHEEL CORPORATION OF AMERICA, Defendant.

(Supreme Court, New York Trial Term, June, 1919.)

Evidence — what is competent — admissibility of letters — contracts — motion to set aside verdict granted.

Where letters are answers to each other, and each necessary to a full understanding of the other, the introduction of one in evidence makes the others admissible.

Where in an action to recover a balance alleged to be due under an oral contract of employment made, in the absence of witnesses, between plaintiff and defendant's president, since deceased, the only issue was the amount of compensation agreed upon, and the plaintiff puts in evidence a letter written by him to defendant or its president, the effect of which was to support plaintiff's version of the transaction, a letter from the president purporting on its face to be an answer to another letter of plaintiff, and which was in fact an answer to the contentions or assertions contained in the first letter of plaintiff, is competent.

> Where the president's said letter, the only means of getting his version of the transaction before the jury, was excluded on the ground that it was not expressly an answer to the first letter of plaintiff, a motion to set aside a verdict in favor of plaintiff will be granted.

MOTION to set aside verdict and for a new trial on the ground of error at the trial.

J. B. Smith, Jr., for plaintiff.

Beekman, Menken & Griscom (John Thomas Smith, of counsel), for defendant.

PENDLETON, J.   This is a motion by defendant to set aside the verdict and for a new trial on the ground of error at the trial.   The action is by an employee for a balance of an alleged compensation earned.   The issue at the trial was as to the amount of the compensation agreed upon.   The contract was concededly oral, made between plaintiff and defendant's president, without witnesses.   Defendant's president is dead, and plaintiff is therefore the only direct witness to the transaction.   Defendant offered in evidence a letter written by Mr. Houk, the deceased president of the defendant company, to plaintiff.   This was objected to and, with the exception of a few lines, excluded, and defendant excepted.   That the letter was a self-serving declaration and hearsay is clear, and as original evidence on defendant's behalf it was plainly incompetent.   Defendant contends, however, that it was one of a series of letters exchanged between the parties, and as plaintiff had read in evidence part of the correspondence, defendant's offer in evidence of the balance of it should have been received.   The letter was not expressly in answer to the letter put in evidence by plaintiff, but, on the contrary, purported on its face to be in answer to another letter of plaintiff's not offered in evidence

34

by him, and this was the ground on which it was
excluded at the trial.  On more careful consideration I
am satisfied this was too narrow a view.  The citation
of authorities to show that where a part of a letter or
paper is introduced in evidence by one party the
remainder or such parts thereof as tend to explain or
qualify or are necessary to a complete understanding
of the part in evidence may be put in by his adversary
is unnecessary, and it can make no difference whether
the explanations or qualifications are contained in the
same instrument or in others, provided they are so con-
temporaneous and connected together as to be parts of
one whole.  On the same principle, where letters are
answers to each other, and each necessary to a full
understanding of the other, the introduction of one in
evidence makes the others admissible, and it is well
settled that denials, refutations and counter asser-
tions are " *explanations and qualifications* " within
this rule.  In *Grattan* v. *Metropolitan Life Ins. Co.*,
92 N. Y. 274, 284, the court says: " The rule appears
to be firmly settled, both as to a conversation or writ-
ing, that the introduction of a part renders admissible
so much of the remainder as tends to explain or
qualify what has been received, and *that is to be
deemed a qualification which rebuts and destroys
the inference to be derived from or the use to be
made of the portion put in evidence.*"  At the trial
plaintiff, under the guise of proving a demand,
introduced three letters written by him to defendant
or its deceased president, dated respectively November
3, 1916; March 24 and April 24, 1917.  The two latter
were purely demands for payment, but the letter of
November third contained statements tending to sus-
tain plaintiff's contentions as to the agreement.  No
demand was necessary, but if it were the two letters
of March and April were amply sufficient for that

purpose as well as to offset any contention that plaintiff made no claim until after the death of the only other witness to the contract. The only apparent purpose in offering the letter of November third was to get before the jury evidence in writing in support of plaintiff's version of the transaction, but whether the purpose or not such was the effect of its introduction. No answer to this letter was sent and plaintiff subsequently sent another letter under date of December fourteenth, asserting again his claims, and in reply to this the letter of December twenty-second — the letter in question — was written. An examination of these letters shows that while in form the letter of December twenty-second was an answer to the letter of December fourteenth, it was also in fact an answer to the contentions or assertions contained in the letter of November third. The letter of November third makes two points — *first,* that plaintiff's brother knew from a conversation he had with defendant's president that the agreement was for $1,000 a month, which plaintiff claims was the amount agreed on, and, *second,* that payment for one month was made at the rate of $1,000 a month. The letter of December twenty-second was directed largely to meet both these points, and contains a denial of the first and an explanation of the circumstances which plaintiff claims was a payment for July at the rate of $1,000. That one month had been paid for at what plaintiff claimed was the agreed rate was a very persuasive piece of evidence, and defendant's answer in regard to it could not but be important. To exclude it because while in substance an answer it in form purports to reply to another letter of a somewhat similar character is to sacrifice the substance to the form. It was not necessary for plaintiff to introduce his letter of November third in evidence; having done so, defend-

Supreme Court, June, 1919.          [Vol. 107.

ant.'s reply became competent, and whether that reply was sent immediately or only after plaintiff's claims had been reasserted in another letter cannot make any difference. The general rule has been before the courts in many different aspects. *Grattan* v. *Metropolitan Life Ins. Co.,* 92 N. Y. 274, 284; *Buedingen Mfg. Co.* v. *Royal Trust Co.,* 90 App. Div. 267; *Lindheim* v. *Duys,* 11 Misc. Rep. 16; *Lewis* v. *Newcombe,* 1 App. Div. 59; *Singer* v. *National Fire Ins. Co.,* 154 id. 783; *Ackroyd & Sons* v. *Proctor,* 179 id. 402; *Townsend* v. *Felthousen,* 156 N. Y. 618; *Dorlon* v. *Douglass,* 6 Barb. 451, 455. This latter case stresses the point that only matter germane to the evidence already in is admissible. In no two of these cases are the facts exactly alike, and none is exactly on all fours in all its circumstances with the case now under consideration, but they all establish the general principle that the jury is entitled to have before it a complete whole rather than a dislocated part. That one party to the transaction is dead does not of itself affect the question, but it is a strong circumstance to be considered on the question as to whether or not the exclusion requires a new trial. As the letter in question was the only means of getting the deceased's version before the jury, its exclusion cannot but have been prejudicial. Whether the result would have been different may be doubtful, but defendant is entitled to have the jury pass on that question. Plaintiff seeks to draw a distinction between correspondence in the course of the transaction or business under consideration and letters of narration or assertions as to past events after a dispute has arisen. Such circumstance might have a bearing if the question were as to the competency as original evidence, but so far as the rule in question is concerned it is a distinction without a difference. Where the only ground of the admissibil-

ity is that it qualifies or affects what is already in evidence the character of the correspondence is without moment. Motion granted and verdict set aside and new trial ordered.

Motion granted.