THEODORE A. HELLWIG et al., Plaintiffs, *v.* ADRIAN SEELEY, Defendant.

(Supreme Court, New York Special Term, November, 1919.)

Attachment — warrant of — when motion to vacate, denied — Code Civ. Pro. § 682.

> Where a junior attaching creditor, upon his motion made under section 682 of the Code of Civil Procedure to vacate a senior warrant of attachment, fails to present the papers upon which his own attachment was granted, the motion to vacate will be denied.

MOTION by a junior attaching creditor to vacate a senior warrant of attachment.

Paskus, Gordon & Hyman (Julian T. Abeles, of counsel), for motion.

Stapleton & Briggs, opposed.

GIEGERICH, J. This is a motion, under section 682 of the Code of Civil Procedure, by a junior attaching creditor to vacate a senior warrant of attachment. It is a well-established rule that in order to succeed in such a motion it must appear that the papers upon which the subsequent attachment was issued were themselves sufficient. *Dayton* v. *McElwee Mfg. Co.,* 19 N. Y. Supp. 46; *Ladenburg* v. *Commercial Bank,* 2 App. Div. 477; *Central National Bank* v. *Ft. Ann Woolen Co.,* 24 N. Y. Supp. 640; affd. on opinion below, 76 Hun, 610; *Corn Exchange Bank* v. *Marckwald,* 57 N. Y. Supp. 458. The subsequent attaching creditor has not presented, as he should have done, the papers upon which his attachment was granted. *Dayton* v. *McElwee Mfg. Co., supra.* This is essential, for the reason, as stated in the case last cited, that: "A junior attaching creditor, who seeks to destroy the lien of a prior attach-

ment because of jurisdictional defects, should come into court upon papers showing that every step in his own procedure was sufficient to confer jurisdiction.'' Not only is there a failure to make the papers upon which the junior attaching creditor's attachment was granted a part of the papers on which this motion is made, but the affidavit upon which the motion is based fails to disclose the ground of such attachment. Section 641 of the Code of Civil Procedure, among other things, requires that the warrant '' must briefly recite the ground of the attachment,'' and section 636 of the same enactment prescribes what facts must be shown by affidavit to procure a warrant of attachment. The moving papers in the case at bar do not contain any allegations whatever concerning these prerequisites, and there is thus a failure on the part of the junior attaching creditor to show compliance with the aforementioned provisions. In this situation the junior attaching creditor is in no position to attack the prior attachment, and his application to vacate it should be denied.

Motion denied, with ten dollars costs.