PREMIER MALT SALES CORPORATION, Plaintiff, *v.* GILBERT TUL-
LOCK and Others, Copartners Doing Business under the Firm
Name and Style of MINER, READ & TULLOCK, Defendants.

Supreme Court, New York Special Term, November, 1922

**Practice — warrant of attachment — on motion to vacate levy thereunder
court must ascertain title to property — referee to take proof.**

There is a distinction between a motion to vacate an attachment and a motion
to set aside a levy made thereunder, in that upon a motion of the first character
the court will neither consider the merits of the action nor determine whether
the title to the property levied upon is in the defendant.

Where upon a motion to vacate and set aside a levy under a warrant of attach-
ment a sharp question of fact is presented as to whether goods shipped by the
plaintiff to the defendants were in fact sold and delivered or were sent on consign-
ment and the fact respecting defendants' title alleged in the moving affidavit
is attacked by opposing proof of much force, it is incumbent upon the plaintiff,
under section 232 of the Civil Practice Act, to satisfy the court that the property
levied upon is in fact that of defendants.

Decision on the motion reserved until after the referee appointed to take the
proof has reported, and all proceedings on the part of plaintiff, except to review
the order granted hereon, stayed until further notice.

MOTION to vacate levy under warrant of attachment and for
other relief.

*Jesse Weil,* for plaintiff.

*Laughlin, Gerard, Bowers & Halpin,* appearing specially for
defendants.

O'MALLEY, J.   The defendants, who are non-residents, appear
specially and move to vacate the levy under a warrant of attach-
ment and the order directing service of the summons and complaint
upon the defendants.   It is practically conceded, however, that
they are not entitled to have set aside the order for service nor
the service of process thereunder because of recent decisions of this
court.   *Merkle* v. *Sable,* N. Y. L. J. June 8, 1922; *Whitman* v.
*Vullo,* Id. Aug. 8, 1922; *Steindl* v. *Finkelstein,* Id. Sept. 28, 1922.
The question remains whether they are entitled to have set aside the
levy under the attachment.   A distinction seems to exist between
motions to vacate an attachment and a motion to set aside a levy
under the attachment.   *Herman* v. *Bailey,* 20 Misc. Rep. 94.   On
motions of the first character the court will not consider the merits
of the action (*Jones* v. *Hygienic Soap Granulator Co.,* 110 App.
Div. 298, 331), nor determine whether title to the property levied
upon is in the defendant.   *Vogelman* v. *Lewit,* 48 Misc. Rep. 625.
On the other hand, since it is not the attachment, but the levy

thereunder, that gives jurisdiction (*Haase* v. *Michigan Steel Boat Co.*, 148 App. Div. 301), I am of the opinion that defendants whose property is claimed to have been levied upon are entitled to have the question of their title determined in order that they may be informed whether or not the court has jurisdiction to which they must submit. If the court has no jurisdiction they ought not to be required to appear; nor should they be called upon to risk a default and thus permit a judgment to be taken against them, with probable resulting loss to their business credit and standing and the possibility of a deficiency judgment for which they must hereafter answer in New York. Here a sharp question of fact is presented as to whether the goods shipped by the plaintiff to the defendants were in fact sold and delivered, or whether they were sent on consignment. If consigned, title thereto is in the plaintiff and not in the defendants. The conclusion of fact respecting defendants' title alleged in the moving papers is attacked by opposing proof of much force, and it seems to me that it is now incumbent upon the plaintiff to satisfy the court that the property levied upon is in fact the property of the defendants. See Civ. Prac. Act, § 232. The motion is granted to the extent of appointing a referee to take testimony and report with his opinion as to whether or not the property levied upon was in fact the property of the defendants. The motion, in so far as it asks to have vacated the order of publication and the service made thereunder, is denied. Decision on the motion, in so far as it asks to have vacated the levy under the attachment, is reserved until after the referee has reported. All proceedings on the part of the plaintiff, except to review this order, will be stayed until further order. Settle order on notice.

Ordered accordingly.