JOSEPH Z. DALINDA, Plaintiff, *v.* CARL ABEGG, Also Known as CARL ABEGG-STOCKAR and C. ABEGG-STOCKAR, Defendant.*

Supreme Court, Special Term, New York County, June 6, 1941.

* Affd., 262 App. Div. 999. See, also, 175 Misc. 945.

*Charles Gottlieb [George Moskowitz* with him on the brief], for the plaintiff.

*Milbank, Tweed & Hope [William Dean Embree* of counsel], for the defendant.

WALTER, J. Defendant, a non-resident, moves to vacate an order for service of the summons by publication and a warrant of attachment, and all proceedings taken thereunder, upon the grounds (a) that the warrant was not levied upon any property of defendant, and (b) the papers upon which the order for service by publication was made contained no proof by affidavit that the warrant had been so levied. The property claimed to have been levied upon consists of stock certificates of which defendant appears by the certificates to be the owner and which were and are held by J. P. Morgan & Co. in custodian accounts of a Swiss partnership of which defendant is a member.

By section 917 of the Civil Practice Act (as amd. by Laws of 1940, chap. 625, effective Sept. 1, 1940) a levy under a warrant of attachment must be made upon stock certificates by leaving a certified copy of the warrant with the person holding the same, and the person so served is forbidden, with exceptions not here material, to make or suffer any transfer of such certificates, other than to the sheriff serving the warrant, until ninety days after such service. The service of the warrant thus constitutes a seizure or an injunction against transfer within the meaning of section 174 of the Personal Property Law. Section 922 of the Civil Practice Act (as amd. by Laws of 1940, chap. 625) provides that in the event that the person holding property " on which a levy under a warrant has been made, as in this act provided " shall fail or refuse to deliver such property, the sheriff may, and if indemnified by the plaintiff in the attachment action must, within ninety days after the service of the copy of the warrant, commence an action or special proceeding to reduce the property to his actual custody, and service of process commencing such action or special proceeding shall continue as against the person served with a copy of the warrant, during the pendency of such action or proceeding, all duties and liabilities imposed upon him in the first instance by such service. If within the prescribed period of ninety days, or a legally obtained extension

thereof, the sheriff has not taken actual custody, or an action or proceeding to obtain such custody has not been commenced, " the levy shall be void." (Civ. Prac. Act, § 922, as so amd.)

In conformity with those provisions, a certified copy of the warrant of attachment herein was left with Morgan & Co., which held the certificates, and it is quite plain that proof of that fact constituted proof sufficient to justify the order for service of the summons by publication. The certificates themselves, by their own words, established defendant's ownership at least *prima facie*, and the mere fact that they were in the possession of Morgan & Co. in a custodian account of a firm of which defendant was a member hardly can be said to be inconsistent with such ownership and certainly affords no disproof of it.

The only debatable question presented is that which arises from the fact that upon this motion defendant tenders additional evidence, *i. e.*, evidence not contained in the papers upon which the order for service of the summons by publication was made, and contends that such additional evidence shows that defendant had made a *bona fide* sale of the shares represented by the certificates before the warrant of attachment was issued and hence was not the owner thereof when the asserted levy was made.

As jurisdiction here, if obtained at all, must be obtained by a levy upon defendant's property, the fact of defendant's ownership is a jurisdictional fact (*Dimmerling* v. *Andrews*, 236 N. Y. 43), and it consequently is plain that some opportunity to be heard with reference to and to obtain a determination of that fact must be accorded. In most instances a motion heard upon affidavits is a sufficient opportunity and affords an adequate basis for a just determination. But where there is a substantial dispute as to the facts, the ultimate fact of ownership should not be determined so summarily, and that is the situation here.

Where a third person comes in and asserts a claim to the property, the procedure prescribed in section 924 of the Civil Practice Act may be followed, and as amended by chapter 625 of the Laws of 1940, that section permits a jury trial of the question of title and also authorizes the third person to intervene in an action brought under section 922 of the Civil Practice Act to reduce the property to the sheriff's custody. In the case at bar, however, no third person has come in and asserted a claim to the property. All that is here presented is an assertion by the defendant that he ceased to be the owner prior to the asserted levy, and as defendant is here seeking by such assertion to defeat jurisdiction over him such assertion is here practically a mere self-serving declaration. The question thus is how the question of ownership should be determined when a substantial dispute exists and no third person has appeared and asserted a claim.

Ordinarily, a reference could be ordered and would suffice (*Premier Malt Sales Corp.* v. *Tullock*, 119 Misc. 509), but plaintiff here says, with apparent good reason, that on the question of defendant's ownership he will require the testimony of defendant, who is in Switzerland, and he apparently would be unable to get such testimony on such a reference because it is a preliminary motion separate and apart from a trial. (*Norton* v. *Cromwell*, 248 App. Div. 707; Civ. Prac. Act, § 309.) Defendant argues that the question of ownership can be determined in the action which has been brought to reduce the certificates to the custody of the sheriff, and even urges that decision of the present motion be withheld pending the determination of that action; but there certainly is no specific statutory provision stating that the question of ownership can be brought in issue and determined in such an action, and while the provision in section 924 of the Civil Practice Act, that a third party claimant may intervene in such an action undoubtedly is an indication of a legislative intent that such an action may be made to embrace an issue of ownership, there is no provision that the defendant in the attachment action can be made a party to such an action, and it clearly would be anomalous, to say the least, to undertake to determine defendant's ownership in an action to which he is not a party. True, the defendant in the attachment action might ask and be accorded leave to intervene in the action brought to reduce the property to the sheriff's custody, but the plaintiff in the attachment action cannot justly be compelled to await such voluntary act on the part of the defendant. I conclude, therefore, that withholding decision of this motion pending a determination of the action brought to reduce the property to the sheriff's custody is not a just or adequate solution.

Under the circumstances of this case, therefore, I think the proper course is to deny the motion with leave to the defendant to interpose an answer wherein, if desired, the issue of ownership of the property may be raised.

That is what was done in *Stern Corp.* v. *Silverman* (257 App. Div. 394, 395). It is true, as pointed out in the dissenting opinion in that case, that this results in forcing the defendant to answer upon the merits before a determination is had of a fact upon which jurisdiction depends, but that is not such an anomaly practically as it appears to be from a strictly logical view, and it is not the first time it has happened (See *Toledo Railways Co.* v. *Hill*, 244 U. S. 49; *Fickett* v. *Higginbotham-Bailey-Logan Co.*, 162 Misc. 18) and it is the result approved by a majority of the Appellate Division and is the only course by which justice in this case can be done.

The motion is accordingly denied with leave to raise the question of ownership by answer. Settle order.